BULL INSULAR LINE, INC., demandante y apelada, *v.* RAFAEL SANCHO BONET, TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 7505.—*Sometido:* Marzo 8, 1938. *Resuelto:* Noviembre 16, 1938.

*Hon. Procurador General B. Fernández García* y *Emilio de Aldrey,
Subprocurador*, abogados del apelante; *Hartzell, Kelley & Hartzell*
y *Rafael O. Fernández*, abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

La demandante apelada, Bull Insular Line, Inc., construyó aquí en Puerto Rico para usarla en su negocio de transporte marítimo, una embarcación que utilizaba como remolcador. Sobre esta embarcación el Tesorero de Puerto Rico impuso una contribución de acuerdo con el apartado 8 de la sección 16 de la Ley de Rentas Internas núm. 83 de 7 de mayo de 1931 (Leyes de ese año, pág. 505). El Tesorero fijó la contribución en $1,050, cantidad de la cual la demandante pagó bajo protesta la suma de $1,033.56. La Corte de Distrito de San Juan, luego de declarar sin lugar una excepción previa, dictó sentencia en favor de la demandante. La corte convino con la demandante en que un remolcador no era un vehículo de motor, y que tampoco era ninguna de las embarcaciones que se describen en el cuerpo del inciso 8 y que especialmente no podía considerársele como una lancha. La corte entendió claramente que un remolcador no podía ser tenido ni como una lancha ni como un bote. Igualmente resolvió la corte inferior que un remolcador no era un vehículo de motor, conforme esa frase fué definida por la ley misma.

■ No tenemos duda alguna de que vehículo es una palabra que generalmente se aplica a aquellos objetos que se mueven en tierra y no a algo que se mueve en el agua y que con ese sentido fué que se usó en la ley.

■■ La mayor dificultad surge sobre el uso de la palabra "bote". Es claro que un remolcador no es una lancha, pero en su significado más lato no se podría decir que un remolcador no es un bote. El hecho en sí de que la locución "bote remolcador" (como el bote utilizado en los canales "*canalboat*") se use como sinónima de la palabra "remolcador" demuestra la duda que podría surgir. La sección específica que está bajo nuestra consideración lee así:

"Sección 16.—Se cobrará y pagará como impuesto de rentas internas, por una sola vez sobre todos los artículos siguientes y aquellos comprendidos en esta sección de la ley, que fueren vendidos, traspasados, usados, consumidos o introducidos en Puerto Rico.

    \*        \*        \*        \*        \*        \*        \*

"8. *Vehículos de motor y lanchas y botes de motor.*—Sobre todo vehículo de motor, incluyendo automóviles, autowagones, camiones, tractores, autos de arrastre, motocicletas (sea cual fuere el nombre con que se conocieren), chasis, motores, cajas, baterías, tubos interiores y neumáticos para los mismos, lanchas, tengan o no puestos los motores, motores para las mismas, incluyendo motores usados para la parte exterior, que se vendan, traspasen, fabriquen, usen o introduzcan en Puerto Rico, un impuesto de diez (10) por ciento sobre el precio de venta en Puerto Rico; *Disponiéndose,* que sobre la venta, traspaso, fabricación, uso o introducción en Puerto Rico de vehículos de motor o lanchas y botes de motor descritos en esta sección, cuyo precio de venta en Puerto Rico exceda de mil quinientos (1,500) dólares y no exceda de dos mil (2,000) dólares el impuesto será de doce y medio (12½) por ciento sobre el precio de venta, y sobre la venta, traspaso, fabricación, uso o introducción en Puerto Rico de vehículos de motor, automóviles y camiones descritos en esta sección, cuyo precio de venta en Puerto Rico excederá de dos mil (2,000) dólares, y sobre gomas sólidas para camiones y otros vehículos de motor que se vendan, usen, traspasen, fabriquen o introduzcan en Puerto Rico, el impuesto será de quince (15) por ciento sobre el precio de venta; *Disponiéndose, además,* que las personas no residentes en Puerto Rico que usen automóviles de su propiedad para fines exclusivamente personales, estarán exentas del pago del impuesto prescrito por esta Ley por el período que usen licencia especial del Comisionado del Interior. Al expirar este período y adquirir la licencia ordinaria de dicho Comisionado, o antes, si el automóvil es destinado a otros usos que los que aquí se consignan, pagarán los impuestos de rentas internas."

El título en inglés dice "launches and boats," y en español "lanchas y botes de motor," pero en el cuerpo de la sección que describe las cosas sobre las cuales han de imponerse contribuciones, no se hace mención de "botes". En uno de los *disponiéndose* se hace referencia a botes, mas éste trata de los botes descritos en dicha sección que fueron mencionados anteriormente.

Lo que principalmente se resuelve, sin embargo, es que la Asamblea Legislativa al usar la palabra "bote" en el título no tuvo en mente cualesquiera y todos los objetos que flotan en el agua, toda vez que demostró lo contrario al hacer una enumeración específica. Con mucha frecuencia sucede que una palabra que tiene un significado muy general es usada en forma especializada, pero el poder legislativo cubrió tan sólo una parte limitada de un posible campo de operaciones. Además, aunque la palabra "bote" puede ser usada para describir un buque (*vessel*), de ordinario y corrientemente, "bote" significa una embarcación pequeña y no un buque de vapor (*steamboat*), un remolcador (*tugboat*), un bote de canal (*canalboat*) ni aun un barco (*ship*) o yate. Si hubiese sido la intención de la Asamblea Legislativa incluir un remolcador, hubiera sido fácil hacerlo en términos expresos. Ambas partes han citado autoridades que tienden a sostener sus respectivos criterios, pero creemos que la conclusión se desprende de la lectura del inciso 8 mismo.

*La sentencia debe ser confirmada.*

Los Jueces Sres. Presidente Del Toro y Asociado De Jesús no intervinieron.