PEDRO JUAN SERRALLÉS Y GALIANO, demandante y apelado, *v.* RAFAEL SANCHO BONET, TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 8118.—*Sometido:* Noviembre 14, 1940. *Resuelto:* Diciembre 18, 1940.

*Hon. Procurador General George A. Malcolm* y *R. García Cintrón, Subprocurador Auxiliar,* abogados del apelante; *Vicente Zayas Pizarro,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Pedro Juan Serrallés y Galiano compró en Estados Unidos una embarcación que describe así: "Un yate de 85 pies de largo, 5½ de calado, 16 pies de ancho, 200 C. F., de dos motores, N. Y. Yacht Engine Co., (*builders*), el cual fué debidamente inscrito o matriculado (*licensed*) en el puerto de Nueva York, N. Y., EE. UU., para ser usado no solamente en las aguas inmediatas a Puerto Rico sino en viajes interestaduales y también entre otras naciones . . ."

El Tesorero de Puerto Rico requirió de Serrallés el pago de un arbitrio de acuerdo con el inciso 8 de la sección 16 de la Ley de Rentas Internas de Puerto Rico, aprobada en el

año 1931 (Ley Núm. 83 de 1931, pág. 505), y enmendada por la Ley núm. 108 de 15 de mayo de 1936 (pág. 567), y que lee así:

"8. *'Vehículos y aparatos de auto-impulsión' y lanchas y botes de motor.*—Sobre todo vehículo y aparato movido por propia impulsión, tales como automóviles, autovagones, camiones, locomotoras, tractores, autos de arrastre, motocicletas (sea cual fuere el nombre con que se conocieren), incluyendo *chassis,* motores, cuerpos de autos sin motor, tanques, baterías, lanchas, tengan o no puestos los motores, motores para las mismas, incluyendo motores usados para la parte exterior, y sobre toda parte o accesorios para cualesquiera de los artículos aquí enumerados, excluyendo neumáticos, tubos interiores y gomas sólidas, que se vendan, traspasen, fabriquen, usen o introduzcan en Puerto Rico, un impuesto de diez (10) por ciento sobre el precio de venta en Puerto Rico siempre que dicho precio de venta en Puerto Rico no exceda de mil quinientos (1,500) dólares; *Disponiéndose,* que sobre la venta, traspaso, fabricación, uso o introducción en Puerto Rico de los vehículos o aparatos de propia impulsión y partes y accesorios de los mismos descritos en esta sección, con excepción de lanchas y botes, cuyo precio de venta en Puerto Rico sea mayor de mil quinientos (1,500) dólares y no exceda de dos mil (2,000) dólares, el impuesto será de doce y medio (12½) por ciento sobre el precio de venta, y sobre la venta, traspaso, fabricación, uso o introducción en Puerto Rico de los vehículos o aparatos de propia impulsión, y partes y accesorios de los mismos, descritos en esta sección, con excepción de lanchas y botes, cuyo precio de venta en Puerto Rico exceda de dos mil (2,000) dólares, el impuesto será de quince (15) por ciento sobre el precio de venta; *Disponiéndose, además,* que las personas no residentes en Puerto Rico que usen automóviles de su propiedad para fines exclusivamente personales, estarán exentas del pago del impuesto prescrito por esta Ley por el período que usen licencia especial del Comisionado del Interior. Al expirar este período y adquirir la licencia ordinaria de dicho Comisionado, o antes, si el automóvil es destinado a otros usos, que los aquí se consignan, pagarán los impuestos de rentas internas."

El Tesorero incluyó el yate dentro de la palabra "lancha." Alegando que su yate no caía dentro de esa clasificación, negóse Serrallés a pagar el mencionado arbitrio, pero más tarde, habiendo el Tesorero embargado sus bienes para

efectuar el cobro, pagó bajo protesta la suma de \$3,441.50, que incluye contribución, recargos, intereses y multa administrativa.

Entablada demanda para recobrar la cantidad pagada bajo protesta, ante la Corte de Distrito de Ponce, el Tesorero interpuso excepción previa de falta de causa de acción, que fué desestimada, y entonces radicó su contestación. Ordenado el traslado a la Corte de Distrito de San Juan, por resolución de esta Corte Suprema de junio 5, 1939 (55 D.P.R. 973), el demandado solicitó de la corte que dictara sentencia sobre las alegaciones. Así lo hizo la corte inferior declarando con lugar la demanda y condenando al Tesorero a reintegrar al demandante el importe de la contribución pagada, con intereses y costas.

El Tesorero apeló y señala dos errores:

1. La Corte de Distrito de San Juan cometió error al dictar sentencia por los méritos de las alegaciones.

Alega el Tesorero que es su contención que el yate del Sr. Serrallés es una *lancha* y que eso es una cuestión de hecho; y además, que en las alegaciones no se describe con suficiente detalle la embarcación para que la corte, en ausencia de prueba, pueda determinar si es o no una lancha.

El apelado alega en contrario que el demandado aceptó en su contestación el apartado 1 de la demanda, en el que se describe el yate en la forma copiada en el primer párrafo de esta opinión, y que en la referida contestación se menciona varias veces la embarcación bajo el nombre de "yate."

La contestación del Tesorero no sostiene que la embarcación del Sr. Serrallés es una lancha, y sí que el yate cae bajo la clasificación "lancha" que hace la Ley de Rentas Internas. Dice la contestación:

"Del inciso (*b*) del apartado (4) de la demanda el demandado niega que la Ley de Rentas Internas vigente en Puerto Rico no estatuye impuesto alguno sobre esta clase de embarcación, alegando en contrario que el yate 'Solana' del demandante cae dentro de las

disposiciones del inciso 8 de la Sección 16 de la Ley de Rentas Internas, según fué enmendado por la Ley núm. 83 de 6 de mayo de 1931, por tratarse bien de un bote de motor o de una lancha que específicamente están sujetos en dicha sección a pago de arbitrios.''

Por lo tanto, la única cuestión a resolver es la que levanta el apelante en su segundo señalamiento, que dice así: ''. . . . la corte inferior erró al resolver que un yate no está sujeto a tributo por la Ley de Rentas Internas.''

En apoyo de su contención arguye el apelante: ''Asumiendo que por analogía conforme a lo resuelto en los casos de *Bull Insular Line* v. *Sancho Bonet,* 53 D.P.R. 865, y *Serrallés* v. *Sancho Bonet,* 55 D.P.R. 96, que un yate no es un vehículo de motor ni un bote de motor, entendemos que dicha embarcación está comprendida dentro del vocablo lancha.'' Y cita un número de definiciones de ''yate'' y ''lancha'', en inglés y en español; y cita el caso de *The Mamie,* 8 F. 367 (1881), donde se resolvió que el yate ''Mamie'' caía dentro de la clasificación ''barcaza'' (*barge*) en un estatuto federal. Y cita por último el caso de *Russell & Co.* v. *Domenech,* 50 D.P.R. 52, donde se resolvió que un ''Gyrotiller'' o arado mecánico es un tractor.

El apelado también copia numerosas definiciones de las palabras ''yate'' y ''lancha.'' Acepta que el caso *''The Mamie,''* 8 F. 367, resuelve que un yate es una barcaza; pero hace constar que dicho caso fué la opinión dada por la Corte de Circuito, en apelación de una sentencia dictada por la Corte Federal del Distrito de Michigan. En dicha opinión (5 F. 813) se exponen los hechos en detalle. Allí se ve claramente que el fundamento que tuvo el juez de la corte inferior fué el considerar que el yate estaba dedicado a tráfico local. Dijo el juez: ''No trato de decir que los yates de placer, que hacen largos viajes por los lagos o por el océano, no puedan estar comprendidos en la ley, pero creo que los botes de placer, ya sean impulsados por vapor o velas, dedicados a navegación puramente local, entrando y saliendo del mismo

puerto, aun cuando algunas veces lleven pasajeros mediante paga, caen dentro de la excepción.''

Cita entonces el apelado el caso de *Serrallés* v. *Sancho, Tesorero,* 55 D.P.R. 96, donde se interpretó el mencionado inciso 8 en relación con aeroplanos y se resolvió que un aeroplano no era un vehículo de motor a los efectos del estatuto; y también *Bull Insular Line* v. *Tesorero,* 53 D.P.R. 865, donde se resolvió que un remolcador no está comprendido dentro de las clasificaciones ''lancha'' o ''bote'' del inciso 8.

En la opinión emitida en el último caso citado, por voz del Juez Asociado Sr. Wolf, se dijo: ''La mayor dificultad surge sobre el uso de la palabra 'bote.' Es claro que un remolcador no es una lancha, pero en su significado más lato no se podría decir que un remolcador no es un bote.'' La opinión termina con el siguiente párrafo:

''Lo que principalmente se resuelve, sin embargo, es que la Asamblea Legislativa al usar la palabra 'bote' en el título no tuvo en mente cualesquiera y todos los objetos que flotan en el agua, toda vez que demostró lo contrario al hacer una enumeración específica. Con mucha frecuencia sucede que una palabra que tiene un significado muy general es usada en forma especializada, pero el poder legislativo cubrió tan sólo una parte limitada de un posible campo de operaciones. Además, aunque la palabra 'bote' puede ser usada para describir un buque (vessel), de ordinario y corrientemente, 'bote' significa una embarcación pequeña y no un buque de vapor (*steamboat*) un remolcador (*tugboat*), un bote de canal (*canalboat*) ni aun un barco (*ship*) o yate. Si hubiese sido la intención de la Asamblea Legislativa incluir un remolcador, hubiera sido fácil hacerlo en términos expresos. Ambas partes han citado autoridades que tienden a sostener sus respectivos criterios, pero creemos que la conclusión se desprende de la lectura del inciso 8 mismo.''

De la opinión emitida por el juez de la corte inferior copiamos lo que sigue:

''Tampoco creemos que un *yate* sea una *lancha*; en *Bull Line* v. *Sancho,* supra, se sostuvo que un *remolcador* no era una lancha. Si un *remolcador* no es una *lancha* no vemos con qué esfuerzo de la imaginación podemos llegar a la conclusión de que lo sea un *yate*.

Ambas son embarcaciones completamente distintas en su estructura, construcción y usos a que se dedican. La idea que surge de la palabra *lancha* en el lenguaje usual y corriente es la de una embarcación pequeña y sin cubierta, cruzada de listones de madera, que sirven de asiento a los que la controlan y a los pasajeros. Empléase principalmente en el servicio de los buques mayores en las faenas de anclar y en llevar a bordo carga y pasajeros. Se usa también para el transporte en el interior de los puertos o entre puntos cercanos de la costa.

"El *yate,* por el contrario, no tan sólo de acuerdo con el lenguaje popular, sino que también de acuerdo con las definiciones de diccionarios y enciclopedias, envuelve únicamente aquellas embarcaciones privadas para gala o recreo de sus dueños y usada solamente para viajes privados u oficiales o para regatas. Tiene cubierta y camarotes, sus viajes no son únicamente interportuarios o costaneros, sino que también son largos, cruzando océanos, entre puntos lejanos, de continente a continente, llevando a menudo personas distinguidas a bordo, como el 'Mayflower' del Presidente de los Estados Unidos. Son tan distintas embarcaciones que a nadie que se le hable de *lancha* puede pensar en un *yate.*"

*Estamos conformes con el razonamiento y con las conclusiones de la corte inferior y opinamos que la sentencia recurrida debe ser confirmada.*