RAFAEL BUSCAGLIA, EN SU CARÁCTER DE TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado ; BULL INSULAR LINE, INC., interventora.

Núm. 202.—*Sometido:* Febrero 1, 1949. *Resuelto:* Marzo 30, 1949.

*Hon. Procurador General Vicente Géigel Polanco (José C. Aponte, Procurador General Interino, en el alegato) y Cándido Ceballos, Procurador General Auxiliar, abogados del peticionario; Charles R. Hartzell y José L. Novas, abogados de la interventora, querellante en el pleito principal.*

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La única cuestión a resolver en este recurso es si el Tribunal de Contribuciones erró al ordenar al Tesorero de Puerto Rico la devolución de $2,819.52 a la Bull Insular Line, Inc., que le había cobrado en concepto de arbitrios impuestos a unos "Towmotor Lift Fork Trucks", conocidos por el nombre de *finger lift trucks*, bajo la sección 16, inciso 8 de la Ley núm. 85 de 1925 (pág. 585), según enmendada por la Ley núm. 425 del 14 de mayo de 1947 ((1) pág. 863), que dispone lo siguiente:

"8. *Otros Vehículos y Aparatos de Autoimpulsión.*—Sobre autovagones, camiones, autos de arrastre y otros vehículos similares de autoimpulsión (sea cual fuere el nombre con que se conocieren), incluyendo los vehículos conocidos como '*jeeps*', y sobre los *chassis* y cajas (*auto bodies*) para los vehículos aquí enumerados, que se vendan, traspasen, usen o introduzcan en Puerto Rico, un impuesto de diez (10) por ciento sobre el precio de venta en Puerto Rico."

Al declarar con lugar la querella de la contribuyente, el Tribunal de Contribuciones llegó a las siguientes conclusiones de hecho:

" *     *     *     *     *     *     *

"El 'Towmotor' con '*finger lift*' en cuestión, de acuerdo con la prueba ofrecida por la apelante, la cual no fué controvertida en forma alguna por el querellado, es usado para levantar carga y transportarla a distancias cortas, bien sea dentro del muelle o dentro de los barcos.

"Es evidente que no se trata de los vehículos corrientemente usados para la transportación y arrastre de carga y pasajeros a largas distancias, a relativamente mucha velocidad, tales como aqué-

llos a que necesariamente se .refieren los incisos 7 y 8 de la sección 16 de la Ley de Rentas Internas, supra. El 'Towmotor', según ha quedado probado, es un aparato especialmente diseñado para facilitar la manipulación de carga, cuando se cuenta con pisos lisos y planos y se trata de cortas distancias, a ser recorridas lentamente. No pudo ser la intención del legislador incluir éstos en la clasificación que hiciera en los expresados incisos 7 y 8 de la sección 16 de la Ley 85 de 1925, supra. . . .''

Según se desprende de la propia resolución del Tribunal de Contribuciones, éste encontró probado que dicho aparato es uno de autoimpulsión, el cual transporta mercancía de un sitio a otro, estando a la vez diseñado para elevar la mercancía al sitio donde se está estibando.

■ Si bien es verdad que el mencionado aparato no es un autovagón ni un camión ni un auto de arrastre, sí es uno similar a los antes mencionados, ya que es uno de autoimpulsión, siendo su principal característica el transportar mercancía de un sitio a otro, con la ventaja que debido a su mecanismo eleva la mercancía transportada, haciendo más fácil el estibar la misma.

No fué la intención legislativa al emplear la frase ''otros vehículos similares de autoimpulsión'' que para que un vehículo de esa naturaleza cayera dentro de la enumeración que anteriormente había hecho en dicho inciso, tenía que ser uno exacto o idéntico a los ya especificados pues entonces ningún valor tendría dicha frase. Véanse *Greenleaf* v. *Goodrich*, 101 U.S. 278 y *Neff* v. *Gas & Electric Shop*, 22 S.W. 2d 265. La frase fué usada indicando parecido o semejanza y la razón es .obvia, ya que diariamente se están inventando nuevos aparatos de autoimpulsión y llevando a efecto adelantos mecánicos en los ya existentes, que se hace imposible una enumeración específica de todos ellos y el legislador, para afrontar esta situación, usó las frases ''y otros vehículos similares de autoimpulsión (sea cual fuere el nombre con que se conocieren)'' y así evitar que dichos nuevos aparatos estuvieren exentos del impuesto.

No creemos que fuera la intención legislativa limitar la imposición del arbitrio únicamente a aquellos vehículos o aparatos usados corrientemente para la transportación y arrastre de carga y pasajeros "a larga distancia y a relativamente mucha velocidad" como resolvió el tribunal inferior. El hecho es que el *finger lift truck* o Towmotor Lift Fork Truck, por su nombre es un "motor de remolque o arrastre" (Towmotor), es un "camión" (*truck*), es de autoimpulsión, arrastra mercancía de un sitio a otro y la levanta con el fin de estibarla. De acuerdo con los exhibits 1 y 2 de la querellante que muestran los modelos y especificaciones del Towmotor Lift Fork Truck y del Towmotor Tractor, la diferencia entre uno y otro consiste principalmente en que el Towmotor Tractor no tiene en su frente el aparato de levantamiento (*lift fork*) y que las ruedas delanteras son pequeñas mientras que las del Towmotor Lift Fork Truck son grandes. Las especificaciones, con ligeras variaciones, son iguales y en cuanto a la velocidad a que pueden correr, el Towmotor Lift Fork Truck es de 7 millas por hora y el Towmotor Tractor es de 10 millas por hora. La distancia que puede recorrer el Towmotor Lift Fork Truck y la velocidad a que puede hacerlo, no lo hacen a nuestro juicio, disimilar a los demás enumerados en la ley, a tal extremo, que los exima del tributo.

Los casos de *Bull Insular Line* v. *Sancho Bonet, Tes.,* 53 D.P.R. 865; *Serrallés* v. *Sancho Bonet, Tes.,* 55 D.P.R. 96; *Serrallés* v. *Sancho Bonet, Tes.,* 57 D.P.R. 779, no son aplicables al presente pues el inciso 8 de la sección 16 entonces vigente, no contenía la frase "y otros vehículos similares de autoimpulsión". Tampoco el de *P. R. Iron Works* v. *Buscaglia, Tes.,* 62 D.P.R. 868, pues los "*semi-trailers*" y "*road graders*" estaban diseñados ". . '. de tal manera que en forma alguna puede convertírseles en vehículos de autoimpulsión, pudiendo moverse únicamente utilizando la fuerza de tracción." Sí lo es el de *Central Aguirre Sugar Co.* v.

*Sancho Bonet, Tes.*, 55 D.P.R. 153, en el cual, si bien el estatuto no contenía la frase antes mencionada, resolvimos que un ''Fowler Gyrotiller'' era para todo fin práctico un tractor dentro del significado de esta palabra, según se usa en el inciso 8 de la sección 16 de la Ley de Rentas Internas. Al mismo efecto *Russell & Co.* v. *Domenech, Tes.*, 50 D.P.R. 52, confirmado en *Russell & Co.* v. *Sancho*, 92 F.2d 821. Nuestra decisión en el caso de *Puerto Rico Ilustrado* v. *Buscaglia, Tes.*, 64 D.P.R. 914, 921–938, al interpretar el alcance de la regla de *ejusdem generis* y de la doctrina relacionada de *noscitur a sociis*, no milita en contra de la conclusión a que en el presente hemos llegado. Por el contrario, la sostiene.

*Debe revocarse la resolución recurrida y dictarse otra desestimando la querella presentada por la Bull Insular Line Inc. en el tribunal inferior.*

El Juez Asociado Sr. Negrón Fernández no intervino.