José J. Hernández Sánchez, querellante y recurrido, *v.* Puerto Rico Parking System, Inc., querellada y recurrente.

*Número:* O-84-798     *Resuelto:* 11 de marzo de 1985

*Ilka H. Díaz Delgado,* abogada de la recurrente; *Luis O. Dávila,* abogado del Departamento de Asuntos del Consumidor.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

En consideración al "manifiesto interés legislativo en la pronta atención a reclamaciones de consumidores . . ." que se radican ante el Departamento de Asuntos del Consumidor, en *G. M. Overseas Dist. Corp.* v. *D.A.C.O.,* 114 D.P.R. 5, 7 (1983) [1], resolvimos, en lo pertinente, que es de *carácter jurisdiccional* el término de treinta (30) días que le concede el Art. 16 de la Ley Orgánica del D.A.C.O. [2] al Secretario del referido Departamento para resolver el escrito de reconsideración que, como *requisito previo* a la revisión judicial, viene obligada a radicar aquella parte afectada por una decisión de dicho organismo administrativo; que, en consecuencia, transcurrido el mencionado término sin que el Secretario haya tomado acción al respecto, la reconsideración solicitada se tiene como declarada "sin lugar"; por lo que al trigésimo primer (31) día de haber sido radicado el referido escrito de reconsideración comienza ipso facto el término de quince (15) días que establece el Art. 17 de la referida Ley Orgánica [3] para recurrir en revisión judicial ante el Tribunal Superior de Puerto Rico.

Al final de la referida decisión, *G. M. Overseas Dist. Corp.* v. *D.A.C.O.,* ante, págs. 10–11, expresamos:

> Toda vez que el expediente de este caso revela una práctica administrativa en que la parte perjudicada por la decisión de DACO, como si el término de 30 días fuera directivo, debía esperar meses —más de tres aquí— por la notificación del Secretario para instar revisión, y también la parte favorecida por la misma sufría la otro tanto tardía adjudicación de su derecho, lo que aquí resolvemos no ha de perjudicar sus

---

[1] 83 J.T.S. 25.

[2] 3 L.P.R.A. sec. 341*o.*

[3] 3 L.P.R.A. sec. 341p.

respectivos intereses, *y a tal fin se difiere la vigencia de la norma ahora enunciada por sesenta (60) días contados desde la fecha de la sentencia.*

Aunque por fundamentos distintos a los de la sentencia revisada, *y en su consecuencia del efecto prospectivo de lo ahora resuelto,* se deniega el *certiorari,* y se remite la querella a vista ante la agencia administrativa. (Énfasis suplido.)

## I

Radicada el día 13 de enero de 1982 ante el Departamento de Asuntos del Consumidor una querella por el recurrido José J. Hernández Sánchez contra la aquí recurrente Puerto Rico Parking System, Inc. —relativa la misma al hurto de un automóvil del estacionamiento del antiguo Hipódromo El Comandante— el referido organismo administrativo emitió decisión[4] mediante la cual le ordenó a la recurrente pagarle al recurrido la suma de $5,910 por la pérdida de su vehículo de motor. El día 5 de noviembre de 1982 la recurrente radicó, a tiempo, la requerida moción de reconsideración. Citando como autoridad el caso de *G. M. Overseas Dist. Corp.* v. *D.A.C.O.,* ante, y haciendo constar que desde "la fecha de radicación de la Moción de Reconsideración hasta esta fecha han transcurrido más de treinta (30) días, por lo que este Departamento carece de jurisdicción para entender en la misma", el D.A.C.O., mediante resolución de 24 de mayo de 1983, declaró sin lugar la reconsideración radicada.

Solicitada la revisión judicial de la antes descrita actuación administrativa, mediante sentencia de fecha 28 de septiembre de 1984, el Tribunal Superior de Puerto Rico, Sala de San Juan[5], se negó a expedir el auto. Expresó el foro de instancia, al así resolver, que la norma establecida por este Tribunal en el antes citado caso de *G. M. Overseas Dist. Corp.* v. *D.A.C.O.,* ante, "entró en vigor, según sus propios térmi-

---

[4] Resolución de fecha 29 de octubre de 1982.
[5] Hon. Ángel G. Hermida, Juez.

nos, 60 días después de la fecha de la sentencia en dicho caso. La fecha de dicha sentencia es de 28 de febrero de 1983. Por lo tanto, la norma entró en vigor 60 días después, o sea el 29 abril, 1983. *La norma, una vez entró en vigor, era y es claramente aplicable a los casos que tenía DACO pendientes de reconsideración en aquel entonces.* Fue por lo tanto correcta la la decisión de DACO que denegó la reconsideración *por haber expirado el plazo que tenía DACO para resolverla".* (Énfasis suplido.)

Inconforme, recurrió ante este Tribunal la Puerto Rico Parking System, Inc., imputándole error al tribunal de instancia al así resolver. Mediante resolución de fecha 6 de diciembre de 1984 le concedimos término a la parte recurrida para que mostrara causa por la cual no debíamos revocar la sentencia recurrida y devolver el caso al foro administrativo para que éste considere y resuelva en sus méritos la moción de reconsideración radicada por la aquí recurrente. Dicha parte ha comparecido. Estando en condiciones de resolver el recurso, procedemos a así hacerlo.

## II

A la fecha de la decisión emitida en *G. M. Overseas Dist. Corp.* v. *D.A.C.O.,* ante, este Tribunal estaba consciente de que en el referido Departamento, en lo pertinente, se encontraban pendientes de resolución un sinnúmero de casos en *diferentes etapas de procesamiento,* a saber: $A$ – casos en que la agencia no había emitido decisión final; $B$ – casos en que la decisión final había sido emitida, se había ya radicado la requerida moción de reconsideración pero el término de treinta (30) días todavía no había transcurrido; $C$ – casos ya resueltos en que inclusive ya había transcurrido el término de treinta (30) días que la agencia tenía para resolver la reconsideración radicada, pero que todavía no había transcurrido totalmente el término de quince (15) días para acudir en re-

visión judicial; y *D – casos, como el presente, en que ya habían transcurrido ambos términos.*

No obstante estar igualmente conscientes del hecho de que la situación antes descrita sería más o menos la misma sesenta (60) días más tarde, diferimos la vigencia de la norma establecida por el mencionado período de tiempo. Dicho término de sesenta (60) días fue concedido con el obvio propósito de brindarle a la agencia administrativa —que en última instancia era la única que podía tomar acción afirmativa al respecto— la oportunidad de "ponerse al día"; en otras palabras, se le concedió un "período de gracia" para que pudiera resolver responsablemente la mayoría de los cientos de casos que tenía pendientes de reconsideración al momento de ser emitida nuestra decisión. Finalizado dicho "período de gracia", *comenzaba a regir "la norma" enunciada en cuanto a los casos aún pendientes.*

■ En relación a esto último es sumamente importante mantener presente que la norma establecida, como cualquier otra, tiene que ser aplicada "como un todo" y no fragmentadamente. Comprendiendo la "norma enunciada" en el caso de *G. M. Overseas Dist. Corp.* v. *D.A.C.O.*, ante, tanto el término de treinta (30) días de que habla el citado Art. 16 de la ley que creó al D.A.C.O. como el término de quince (15) días que establece el antes mencionado Art. 17 de la referida ley, resulta meridianamente clara la conclusión de que lo resuelto por este Tribunal en el mencionado caso fue a los efectos de que a partir de la fecha de vigencia de la misma —29 de abril de 1983— *comenzaban a contarse ambos términos.*

Ello claramente tiene que ser así. Cualquier otra interpretación podría resultar en violación del derecho de la parte a revisar judicialmente la decisión administrativa emitida, derecho que como es sabido forma parte del "debido proceso de ley" una vez la ley orgánica de una agencia administrativa concede el mismo. *Berríos* v. *Comisión de Minería,* 102 D.P.R. 228 (1974).

■ Ahí la razón por la cual no puede prevalecer la interpretación que de nuestra decisión realizara el D.A.C.O., interpretación que fue aceptada como correcta y adoptada por el tribunal de instancia. Dado el hecho inevitable de que su aceptación e implementación implica que a la fecha de vigencia de nuestra decisión ya habrían transcurrido los términos dispuestos en los citados Arts. 16 y 17 de la Ley Orgánica del D.A.C.O., dicha interpretación tiene como consecuencia el resultado inaceptable de la pérdida por parte de la aquí recurrente —y de todas aquellas partes cuyos casos se encontraban en la misma situación— del derecho a revisar judicialmente la decisión administrativa emitida; derecho que no puede ser limitado o coartado por cuanto el mismo forma parte del debido procedimiento de ley en el caso de la agencia administrativa aquí en controversia en virtud de las propias disposiciones de la ley que la creó. *Berríos* v. *Comisión de Minería*, ante.

■ Habiendo comenzado el término de treinta (30) días que dispone el citado Art. 16 de la citada Ley Orgánica a contarse el día 29 de abril de 1983, cuando el D.A.C.O. emite la resolución aquí en controversia el 24 de mayo de 1983, todavía tenía dicha agencia jurisdicción para resolver la moción de reconsideración que había radicado la recurrente.

Por los fundamentos antes expresados, *se expide el auto, y se dictará sentencia revocatoria de la dictada por el tribunal de instancia en el presente caso, con instrucciones de que se devuelva el caso al foro administrativo para la resolución en sus méritos por dicho foro de la moción de reconsideración radicada por la aquí recurrente.*