JOSÉ L. RIVERA RIVERA, apelante y recurrido, *v.* MUNICIPIO DE CAROLINA, apelado y recurrente.

*Número:* CE-90-410    *Resuelto:* 6 de marzo de 1996

*Ángel L. Meléndez Osorio,* abogado de la parte peticionaria en la solicitud de reconsideración; *Frank Zorrilla Maldonado,* abogado de la parte peticionaria en la petición de *certiorari; Héctor Urgell Cuebas* y *Ángel L. Meléndez Osorio,* abogados de la parte recurrida en la petición de *certiorari.*

— O —

Opinión disidente emitida por el Juez Asociado Señor Hernández Denton.

Reconsideraríamos la sentencia emitida en el caso de autos y en su lugar confirmaríamos la decisión del Tribunal Superior que deniega la solicitud de revisión por falta de jurisdicción. A tenor con la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 2165, una agencia administrativa debe actuar con relación a una moción de reconsideración dentro de los quince (15) días de ser presentada la misma. Si transcurre ese término sin que la agencia haya actuado y se haya archivado en autos copia de su decisión, el plazo para solicitar la revisión judicial comienza a contar al expirar esos quince (15) días. En el caso de autos, el archivo en autos de la decisión de la agencia se hizo pasado el término de quince (15) días y el peticionario presentó su recurso de revisión después que transcurrieron más de treinta (30) días desde la conclusión del referido plazo. Por ende, el Tribunal Superior correctamente concluyó que no tenía jurisdicción para considerar el recurso y su decisión debe ser confirmada.

I

De la sentencia certificada en el caso de autos se desprende que el 18 de octubre de 1989 la Junta de Apelaciones del Sistema de Administración de Personal (en adelante J.A.S.A.P.) emitió una resolución final que adjudicaba la apelación administrativa de José L. Rivera Rivera. La notificación de esta decisión se archivó en autos el 31 de octubre de 1989. Por su parte, el Municipio de Carolina (en adelante el Municipio) oportunamente presentó una moción de reconsideración que fue denegada el 27 de noviembre de 1989. Sin embargo, no fue hasta el 20

de diciembre de 1989 que se archivó en autos la resolución y se notificó a las partes.

El Municipio solicitó la revisión judicial de la decisión de J.A.S.A.P. presentando su recurso el 18 de enero de 1990. Oportunamente Rivera Rivera presentó una moción de desestimación en la que alegó que el Municipio había recurrido tardíamente al foro de instancia. El tribunal a quo acogió la moción y desestimó el recurso por no tener jurisdicción porque la solicitud de revisión "fue presentada fuera del término que concede la Ley Núm. 170 ...". Solicitud de revisión, *Exhibit* 2, pág. 14.

De esta decisión el Municipio recurrió ante nos y sostuvo que el Tribunal Superior se equivocó al declararse sin jurisdicción. Mediante sentencia, este tribunal acogió la tesis del Municipio y revocó el dictamen recurrido. El tribunal concluyó que "habiendo sido la moción de reconsideración rechazada de plano, el término para solicitar la revisión judicial de la decisión de J.A.S.A.P. comenzó a contar desde que se notificó dicha denegatoria, esto es, *20 de diciembre de 1989.* Por consiguiente, cuando el 18 de enero de 1990 el Municipio presentó un recurso de revisión ante el Tribunal Superior, aún no habían expirado los treinta días que la ley concede para solicitar la revisión judicial".

Cuando se certificó la sentencia, se hizo constar que nosotros disentíamos sin opinión escrita. Posteriormente Rivera Rivera solicitó la reconsideración de esta decisión y en ella sostiene que la Sec. 3.15, *supra*, "claramente establece que la agencia deberá actuar en relación a una Moción de Reconsideración dentro de los quince (15) días de ser presentada". Además, expone que no se interrumpió el término para recurrir a los tribunales porque la agencia no actuó sobre la reconsideración dentro del término de quince (15) días que concede dicha sección. Después de examinar nuevamente este asunto, reiteramos nuestra posición y esta vez expresamos nuestros criterios por escrito.

## II

La Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, *supra*, dispone que una parte afectada adversamente por una decisión de una agencia podrá solicitar la reconsideración de la resolución u orden dentro del término de veinte (20) días desde la fecha del archivo en autos de la notificación. 3 L.P.R.A. sec. 2165. El estatuto establece un plazo máximo de veinte (20) días, de carácter jurisdiccional, para que se presente la moción de reconsideración. Igualmente dispone que la agencia tiene un término de quince (15) días para decidir si acoge o deniega la reconsideración:

> La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. 3 L.P.R.A. sec. 2165.

De acuerdo con el procedimiento dispuesto en la Sec. 3.15, *supra*, al recibir una moción de reconsideración la agencia puede acogerla, denegarla de plano o no actuar sobre ella dentro de ese término. Conforme a los términos claros del estatuto, la agencia tiene jurisdicción para considerar la moción solamente cuando actúa dentro del plazo de quince (15) días. Si no actúa dentro de ese plazo se entiende denegada la reconsideración y la agencia pierde jurisdicción.

Si la agencia no toma acción alguna dentro de esos quince (15) días, la Sec. 3.15, *supra*, establece que el plazo de revisión judicial comienza a correr automáticamente al expirar el término de quince (15) días. Por otro lado, si dentro de dicho plazo la agencia resuelve la moción y la declara sin lugar *de plano*, el término para solicitar la re-

visión judicial comienza a contar antes de esos quince (15) días desde que se notifique dicha denegación.

Bajo este esquema procesal, el término para solicitar revisión sólo se interrumpe si la agencia tomó alguna acción sobre la moción de reconsideración dentro de los quince (15) días que concede dicho estatuto y archiva en autos dicha decisión dentro de ese mismo plazo.

En otras palabras, la única forma en que se puede extender el término para solicitar revisión judicial es si dentro de los quince (15) días la agencia acoge afirmativamente la moción de reconsideración. Entonces la agencia tiene un período máximo de noventa (90) días para resolver la moción.

La Sec. 3.15, *supra*, no otorga discreción ni facultad alguna a las agencias administrativas para extender el período de quince (15) días que tienen para acoger o denegar la moción de reconsideración. Por ende, si la agencia no actúa dentro de ese plazo, una actuación afirmativa de la agencia para denegar de plano la moción de reconsideración después de vencidos los quince (15) días sería una actuación *ultra vires* y no interrumpiría el plazo de revisión judicial que comienza a contar automáticamente.

Recordemos que en la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico la Asamblea Legislativa dispuso que la moción de reconsideración es de carácter jurisdiccional y estableció unos plazos cortos para obligar a las agencias a resolver rápidamente. Su intención fue claramente la de acabar con la demora en la adjudicación administrativa y evitar que la parte perjudicada tenga que esperar indefinidamente por la notificación de la agencia para instar la revisión judicial. Si se interpreta que el plazo de revisión no comienza a contar hasta que se notifique la decisión, independientemente del tiempo que se tome la agencia en notificarla, se actuaría contrario a los propósitos del estatuto.

Además, como la ley no establece un término dentro del cual una agencia tiene que notificar el archivo en autos de la decisión sobre la reconsideración, se le otorgaría al personal secretarial un plazo ilimitado para cumplir con su obligación ministerial. Si la agencia no puede deliberadamente extender el plazo de reconsideración, menos aún éste puede ser prolongado como consecuencia de un error de la propia agencia de notificar la decisión después de haber expirado el plazo. Resolver de otra manera significaría que las secretarías de las agencias tienen más tiempo para notificar una decisión que lo que el propio funcionario que decide tiene para emitir su dictamen. Esta interpretación produciría inestabilidad, incertidumbre y confusión en la práctica administrativa y dilataría excesivamente las adjudicaciones administrativas.

Por último, esta disposición que le concede a la agencia un plazo cierto para decidir sobre una moción de reconsideración es análoga al Art. 16 de la Ley Orgánica del Departamento de Asuntos del Consumidor, 3 L.P.R.A. sec. 341o. Ésta concedía un término de treinta (30) días al Secretario del Departamento de Asuntos del Consumidor (D.A.Co.) para resolver una moción de reconsideración. En *G.M. Overseas Dist. Corp. v. D.A.C.O.*, 114 D.P.R. 5, 10 (1983), expresamente interpretamos que ese plazo es "compulsorio e improrrogable por expresa calificación legislativa como plazo jurisdiccional". Posteriormente reiteramos esa normativa en *Hernández v. P.R. Parking System, Inc.*, 116 D.P.R. 191, 192 (1985), por el " 'manifiesto interés legislativo en la pronta atención a reclamaciones de consumidores ...' que se radican ante el Departamento de Asuntos del Consumidor ...".

## III

En el caso de autos, Rivera Rivera nos solicita que reconsideremos nuestra sentencia en la cual revocamos la decisión del foro de instancia que deniega el recurso de revisión por falta de jurisdicción. El peticionario tiene razón y procede que reconsideremos nuestro dictamen anterior.

Al amparo de la normativa anteriormente expuesta, J.A.S.A.P. tenía un término de quince (15) días para resolver la moción de reconsideración del Municipio. Dicho plazo venció el 2 de diciembre de 1989. A partir de esa fecha la parte adversamente afectada por la decisión administrativa tenía un plazo de treinta (30) días para solicitar la revisión judicial. Sin embargo, no es hasta el 20 de diciembre de ese año, dieciocho (18) días después de la expiración del plazo jurisdiccional, que se archivó en autos la resolución de J.A.S.A.P. que declara sin lugar la reconsideración. Para esa fecha ya había comenzado a contar el término de treinta (30) días para recurrir al foro judicial y la agencia había perdido jurisdicción sobre la moción de reconsideración.

Este plazo para solicitar revisión sólo podía ser interrumpido si la agencia hubiese tomado alguna acción para acoger la moción de reconsideración dentro de los quince (15) días que concede la Sec. 3.15 del estatuto, *supra*. En vista de que J.A.S.A.P. no acogió la moción de reconsideración dentro de ese plazo, su silencio tenía que ser considerado como una denegación de plano de la moción de reconsideración. De lo contrario, interpretaríamos el estatuto de manera contraria a su espíritu y su letra y permitiríamos que la ineficiencia de la agencia —al notificar los acuerdos tomados— extienda indefinidamente sus plazos.

Esta norma es justa en su efecto, pues la parte adversamente afectada por una decisión de una agencia administrativa que no recibe oportunamente una decisión de re-

consideración que acoja o deniegue su moción de reconsideración debe presumir que no se tomó una acción sobre su petición, y que ésta fue denegada por operación automática de la ley al expirar el término de quince (15) días. Esta interpretación también asegura que las partes tengan una certeza de cuándo comienza a contar el término para recurrir al foro judicial y evita la incertidumbre que prevalecería entre los litigantes si el término para recurrir judicialmente puede extenderse cuando la agencia notifica tardíamente su decisión. Cualquier otra interpretación de la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, *supra*, destruiría totalmente el esquema legislativo diseñado para asegurar unos plazos uniformes y evitar que las agencias acumulen indebidamente los casos ante su consideración y atrasen la resolución final de las decisiones en la etapa de reconsideración. Así ocurrió muchísimas veces antes de que se aprobara la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico y la decisión de este Tribunal emitida en la sentencia en este caso resultará en un retroceso significativo de un camino que ya pasamos.

Por las razones anteriormente expuestas, reconsideraríamos la sentencia certificada en este caso y confirmaríamos la decisión del foro de instancia.

— O —

Opinión disidente emitida por el Juez Asociado Señor Corrada Del Río.

Entendemos que deberíamos reconsiderar la opinión que emitiéramos en este caso y en su lugar deberíamos confirmar la determinación tomada por el Tribunal Superior, mediante la cual se denegó la solicitud de revisión presentada por carecer el tribunal a quo de jurisdicción para entender en la misma.

Se trata de una cuestión sencilla: cuál debe ser la recta interpretación de la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante L.P.A.U.) 3 L.P.R.A. sec. 2165, que dispone como sigue:

> La parte adversamente afectada por una resolución, u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archiva en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción cuya resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción. Si la agencia dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los noventa (90) días de haber sido radicada una moción acogida para resolución, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que el tribunal, por justa causa, autorice a la agencia una prórroga para resolver, por un tiempo razonable.
>
> La moción de reconsideración será jurisdiccional para poder solicitar la revisión judicial.

A los fines de interpretar la citada disposición debemos tomar en cuenta que la L.P.A.U. está predicada justamente en el principio de que los procedimientos administrativos se lleven a cabo en forma rápida, justa y económica y que los servicios públicos se presten con alta calidad, eficiencia, esmero y prontitud.

Sobre el particular, la Exposición de Motivos de la L.P.A.U., 3 L.P.R.A. sec. 2101 *et seq.*, dispone en la parte pertinente:

El Estado Libre Asociado de Puerto Rico carece de un cuerpo de reglas que pauten y brinden uniformidad a dicho proceso decisional como los que existen al nivel federal, estatal y en la totalidad de las jurisdicciones extranjeras [sic]. La *ausencia de tal uniformidad* produce *inestabilidad y confusión* a la ciudadanía que vive sujeta a reglamentaciones complejas y desconocidas.

.      .      .      .      .      .      .      .

La legislación establece, además, un procedimiento uniforme de revisión judicial a la acción tomada por la agencia al adoptar un reglamento o al adjudicar un caso ....
Esta ley se inspira en el propósito de brindar a la ciudadanía servicios públicos de alta calidad, *eficiencia, esmero, prontitud,* y se aplicará e *interpretará liberalmente para alcanzar dichos propósitos* con el resguardo de las garantías básicas al debido procedimiento de ley. (Énfasis suplido.)[1]

Además, la Sec. 1.2 de la L.P.A.U. dispone lo siguiente en la parte pertinente:

Las disposiciones de este Capítulo *se interpretarán liberalmente,* de forma tal que garanticen que los procedimientos administrativos *se efectúen en forma rápida,* justa y económica y que aseguren una solución equitativa en los casos bajo la consideración de la agencia. (Énfasis suplido.) 3 L.P.R.A. sec. 2101.

A la luz de estas normas de interpretación que nos ofrece la propia ley, más las que en ese mismo sentido hemos adoptado reiteradamente, nos corresponde interpretar lo que significa la Sec. 3.15 de la propia L.P.A.U., *supra,* al disponer que "[l]a parte adversamente afectada por la resolución, u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden" y que:

La agencia *dentro de los quince (15) días* de haberse presentado dicha moción *deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días,* el término para solicitar revisión *comenzará a correr nuevamente desde que se notifique*

---

[1] Exposición de Motivos de la Ley Núm. 170 de 12 de agosto de 1988, Leyes de Puerto Rico, págs. 825–826.

*dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.* (Énfasis suplido.) 3 L.P.R.A. sec. 2165.

En el caso de autos la resolución final de la agencia fue emitida el 18 de octubre de 1989, habiéndose archivado en autos la notificación el 31 de octubre de 1989. Dentro de los veinte (20) días, el *17 de noviembre de 1989*, se solicitó la reconsideración. La agencia tenía, según la Sec. 3.15, *supra*, la obligación de considerarla dentro de quince (15) días de presentada la moción, cuyo término vencía *el 2 de diciembre de 1989*. ¿Qué ocurrió el 2 de diciembre? Nada.

Ante esa situación fáctica, ¿qué le decía la ley a las partes y sus abogados? Que el término para solicitar revisión *comenzará a decursar nuevamente,* como *en efecto comenzó a correr a partir de 2 de diciembre de 1989.*

Se señala que la agencia sí había actuado, declarando sin lugar la moción, pero no fue archivada en autos la notificación de dicha resolución para el 2 de diciembre de 1989, por lo que bajo toda consideración comenzó a decursar el término de revisión en esa fecha. Por consiguiente, el recurso de revisión tenía que presentarse en o antes de 2 de enero de 1990, cuando venció el término aplicable de treinta (30) días.

La parte recurrente no presentó el recurso de revisión ante el Tribunal Superior hasta el 16 de enero de 1990; es decir, catorce (14) días después de vencido el término. Pretende, sin embargo, alargar el término. Pretende que interpretemos liberalmente la ley a su favor con el resultado de alargar sus términos, sosteniendo que como el archivo en autos de la denegación de la moción de reconsideración no se efectuó hasta el 20 de diciembre de 1989, el término para la revisión comenzó a decursar desde esa fecha y no desde el 2 de diciembre de 1989.

La ley requiere interpretación. Y la interpretación liberal debe ser a favor de *acortar* y no de *alargar* el término.

A nuestro entender, como al entender del tribunal de instancia en el caso de epígrafe (Hon. Bárbara Sanfiorenzo,

Juez) la *fecha crucial* en estos casos, *que dicta claramente la acción que han de seguir* las partes, es *sin duda* la de los quince (15) días a partir de la fecha en que se presenta la moción de reconsideración. Si en esa fecha —(15) días después de presentada la moción de reconsideración— la agencia no actúa, comienza a decursar el término de treinta (30) días para la revisión. Debemos *pautar claramente* que si no se ha archivado en autos una notificación de la denegación de una moción de reconsideración dentro de los quince (15) días de presentada la moción, las partes deberán entender que la agencia no ha actuado. Permitir otra cosa sería crear confusión e incertidumbre entre las partes y alargar términos, todo ello en contra del propósito de la L.P.A.U.

La ley en cuestión requiere que la agencia actúe dentro de los quince (15) días de presentada la moción de reconsideración. Actuar, a los fines de la L.P.A.U., debemos interpretar qué significa *archivar en autos copia de la notificación de la decisión dentro del término de quince (15) días de presentada la moción.* Una acción tomada por la agencia, sin notificarse, no tiene eficacia real o práctica a los fines de su revisión judicial.

El hecho de que la interpretación que sostenemos sea análoga al esquema establecido estatutaria y jurisprudencialmente mediante la Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, para las reconsideraciones de dictámenes judiciales, favorece aún más la deseabilidad de nuestra interpretación. Ello provee una mayor uniformidad a los procedimientos que han de seguirse en torno al rechazo de plano o falta de toma de acción de una moción de reconsideración tanto al nivel judicial como en casos de naturaleza administrativa, máxime cuando la Sec. 3.15 de la L.P.A.U., *supra,* ciertamente es susceptible de ser interpretada de ese modo.

En *Pagán Ramos v. F.S.E.,* 129 D.P.R. 888 (1992), nos expresamos sobre lo análogo de ciertos aspectos del proce-

dimiento para la consideración de mociones de reconsideración bajo la Sec. 3.15 de la L.P.A.U., *supra*, y la Regla 47 de Procedimiento Civil, *supra*. Allí dijimos:

La presentación en tiempo de una moción de reconsideración interrumpe el término para acudir en revisión a los tribunales. *Si se rechaza de plano o no se actúa* dentro del término de quince (15) días, la parte afectada podrá solicitar revisión judicial. En otras palabras, *ese trámite sigue como modelo procesal las Reglas de Procedimiento Civil.* Se establece que se deniega de plano una moción de reconsideración si dentro del término establecido no se actúa afirmativamente para considerarla. (Énfasis suplido.) *Pagán Ramos v. F.S.E.*, supra, pág. 903.

Debemos resolver en el caso de autos que actuar afirmativamente dentro del término de los quince (15) días significa denegar la moción de reconsideración archivando en autos la notificación de dicha denegación dentro de dicho término o acoger la moción dentro de dicho término. De no tomarse una acción o la otra dentro de los quince (15) días de presentada la moción de reconsideración, se entenderá que la agencia no ha actuado, comenzando a decursar el término para pedir revisión al concluir dicho término.

Finalmente, debemos señalar que el término de noventa (90) días que se le concede a la agencia para resolver una moción de reconsideración bajo la Sec. 3.15 de la L.P.A.U., *supra*, no cuando la agencia acoge la moción de reconsideración y luego dicta resolución declarándola "no ha lugar" o "con lugar" según corresponda.

— O —

SENTENCIA

San Juan, Puerto Rico, a 29 de junio de 1995

Expedimos un auto de *certiorari* para revisar la sentencia del Tribunal Superior, Sala de Carolina, mediante la

cual se desestimó el recurso de revisión del recurrente Municipio de Carolina, por haber entendido el foro de instancia que carecía de jurisdicción para considerarlo al estimar que fue presentado fuera del término que para ello concede la Ley Núm. 170 de 12 de agosto de 1988,[1] según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante L.P.A.U.). La controversia ante nos se limita estrictamente, pues, a determinar cuándo es que comienza a decursar el término para presentar el recurso de revisión judicial de una decisión de la Junta de Apelaciones del Sistema de Administración de Personal (en adelante J.A.S.A.P.), luego de haberse solicitado la reconsideración de la decisión final que emitiera la agencia.

I

El 18 de octubre de 1989, J.A.S.A.P. emitió una resolución final en el caso de epígrafe, cuya notificación se archivó en autos el 31 de octubre de 1989. Oportunamente, el 17 de noviembre de 1989, el Municipio de Carolina (en adelante Municipio) presentó una moción de reconsideración, la cual fue resuelta por J.A.S.A.P. el 27 de noviembre de 1989; es decir, *dentro del término de quince (15) días provisto por la Sec. 3.15 de la L.P.A.U.*, 3 L.P.R.A. sec. 2165, para resolver una solicitud de reconsideración presentada ante su consideración. Ello, no obstante, *no fue hasta el 20 de diciembre de 1989* cuando se notificó dicha resolución.

El Municipio presentó su recurso de revisión ante el foro de instancia el 18 de enero de 1990. El tribunal a quo se declaró sin jurisdicción para atender éste al concluir que la agencia no actuó dentro de los quince (15) días que dispone la referida Sec. 3.15 de la L.P.A.U., puesto que se notificó la resolución treinta y cuatro (34) días después de haberse

---

[1] 3 L.P.R.A. sec. 2101 *et. seq.*

presentado la moción de reconsideración. A tenor con esta circunstancia, se determinó que el recurrente debió haber atendido su moción rechazada de plano una vez transcurrieron quince (15) días de haberla presentado *sin haber recibido notificación de resolución alguna.* Por lo tanto, concluyó el ilustrado foro de instancia que el término para recurrir en revisión judicial ya había vencido.

No conforme, el Municipio acude ante nos y hace el siguiente señalamiento de error:

> Erró el Honorable Tribunal Superior al declarar no ha lugar [sic] la petición de Revisión bajo el fundamento de que no tenía jurisdicción para entender en dicha petición por haberse presentado fuera del término jurisdiccional que provee la Ley Número 170 del 12 de agosto de 1988. Solicitud de revisión, pág. 3.

Ambas partes han comparecido. Estamos en posición de resolver.

## II

Sabido es que "la ley debe interpretarse tomando en consideración los fines que persigue y en forma tal que la interpretación se ajuste al 'fundamento racional o fin esencial de la ley' y a la política pública que la inspira". *Esso Standard Oil v. A.P.P.R.*, 95 D.P.R. 772, 785 (1968).

Por otra parte, el Art. 14 del Código Civil de Puerto Rico[2] expresa que "[c]uando la ley es clara [y] libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu".

Asimismo, en el pasado hemos reiterado el principio rector de hermenéutica que nos señala que debemos respetar el significado literal de una ley utilizando el sentido más común y ordinario de las palabras que lo expresan. *Cooperativa de Cafeteros v. La Capital*, 82 D.P.R. 51, 55 (1961); *Bull Insular Line v. Sancho Bonet, Tes.*, 53 D.P.R. 865, 866

---

[2] 31 L.P.R.A. sec. 14.

(1938). Además, esta Curia ha indicado que mantendrá sus funciones dentro del ámbito judicial sin incursionar de forma indebida en las determinaciones y consideraciones estrictamente legislativas. *P.I.P. v. C.E.E.*, 120 D.P.R. 580 (1988); *McCormick v. Marrero, Juez*, 64 D.P.R. 260 (1944).

Al armonizar todos estos preceptos y principios legales de hermenéutica e interpretación estatutaria, no debemos olvidar que los estatutos deben ser interpretados con un crisol práctico. Nos explicamos, toda disposición o regla debe ser considerada e interpretada como una entidad en la que todas sus partes tienen su función. El Profesor R. Elfren Bernier, en su obra *Aprobación e interpretación de las leyes en Puerto Rico* nos dice lo siguiente al respecto:

> Es un principio fundamental en la interpretación estatutaria que toda (cada parte) del estatuto debe ser considerado para determinar el significado de cada una de sus partes. Con ello se persiguen dos propósitos: aclarar ambigüedades y hacer de la ley un todo armónico y efectivo. Esto significa que toda ley debe ser examinada y comparadas sus partes de suerte que sean hechas consistentes y tengan efecto. Para ello, deben interpretarse las diferentes secciones, las unas en relación con las otras, completando o supliendo lo que falte o sea oscuro en una con lo dispuesto en la otra, procurando siempre dar cumplimiento al propósito del legislador. No se pueden tomar aisladamente los distintos apartados de la ley, sino que deben tomarse todos en conjunto, o sea, íntegramente.
>
> ... Todo lo que ha dicho [el legislador] lo ha dicho por alguna razón y a todo lo que ha expresado debe dársele efecto, haciendo todos los esfuerzo para ello. (Citas omitidas.) R.E. Bernier, *Aprobación e interpretación de las leyes en Puerto Rico*, México, Ed. Cultura, 1963, pág. 187.

Por lo tanto, nos circunscribiremos a la letra de la ley y a considerar la totalidad de su expresión para determinar la intención del legislador, sin apartarnos del uso general de las palabras.

La Sección 3.15 de la L.P.A.U., *supra*, dispone lo siguiente:

> La parte adversamente afectada por la resolución, u orden parcial o final podrá, dentro del término de veinte (20) días

desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. *La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.* Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archiva en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción cuya resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción. Si la agencia dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los noventa (90) días de haber sido radicada una moción acogida para resolución, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que el tribunal, por justa causa, autorice a la agencia una prórroga para resolver, por un tiempo razonable.

*La moción de reconsideración será jurisdiccional para poder solicitar la revisión judicial.* (Énfasis suplido.) 3 L.P.R.A. sec. 2165.

De una lectura de dicha sección podemos observar que establece una serie de requisitos, de carácter jurisdiccional, previos a la presentación de una solicitud de revisión judicial.

El estatuto dispone con claridad que la agencia tiene un término improrrogable de quince (15) días a partir de la fecha cuando la moción de reconsideración sea presentada para hacer una de estas tres (3) cosas: (1) emitir una resolución para denegar sumariamente o, lo que es lo mismo, para rechazar de plano la moción; (2) no actuar sobre ésta, en cuyo caso, también se entenderá como rechazada de plano, o (3) tomar alguna determinación en su consideración. Si la moción es denegada de plano mediante una resolución al efecto, el término para solicitar la revisión judicial de la decisión de la agencia *comenzará a partir de la fecha de la notificación de dicha resolución.* Si el

tribunal *no emite una resolución o deja de tomar acción* respecto a tal moción dentro del referido término de quince (15) días, ésta se entenderá también como rechazada de plano y es *a partir de la expiración* de dicho período cuando comienza a transcurrir el término para presentar el recurso de revisión judicial de la decisión de la agencia. Si se toma alguna determinación en su consideración, o sea, si ésta es acogida para ser resuelta, el término para solicitar la revisión judicial comenzará a transcurrir cuando sea archivada en autos la copia de la notificación de la resolución de la agencia para que se resuelva la moción en sus méritos o cuando expiren los noventa (90) días *desde la fecha en que fue presentada* la moción acogida para resolución, sin que la agencia la haya resuelto; a menos que el tribunal revisador, por justa causa, autorice una prórroga por un tiempo razonable. *No hay ambigüedad en el estatuto sobre el procedimiento que se ha de seguir.*

En el caso de autos, J.A.S.A.P. denegó la moción de reconsideración mediante una resolución emitida el 27 de noviembre de 1989; es decir, dentro del término de quince (15) días a partir de la fecha cuando dicha moción fue presentada. La resolución referida no fue notificada hasta el 20 de diciembre de 1989. Ésta expresa lo siguiente:

> A la *Moción de reconsideración* de la parte apelada de 17 de noviembre de 1989: NO HA LUGAR. Sin embargo, consideramos que el Municipio en dicho escrito ha dado cumplimiento a lo ordenado por este foro en el inciso número dos de nuestra Resolución de 18 de octubre de 1989 y corresponde ahora a la parte apelante, dentro del término de quince (15) días laborables, contados a partir de la notificación de la presente, expresar su opinión. [Resolución de J.A.S.A.P., Caso Núm. CES-87-09-195, 20 de diciembre de 1989, pág. 1.] (Énfasis en el original.) *Exhibit* 20, pág. 79.

Por lo tanto, habiendo sido rechazada de plano la moción, el término para solicitar la revisión judicial de la decisión de J.A.S.A.P. comenzó a contar desde que se notificó dicha denegatoria, esto es, *20 de diciembre de 1989.* Por

consiguiente, cuando el 18 de enero de 1990 el Municipio presentó un recurso de revisión ante el Tribunal Superior, aún no habían expirado los treinta (30) días que la ley[3] concede para solicitar la revisión judicial. Por lo tanto, erró el foro de instancia al declararse sin jurisdicción.

Por todo cual *se revoca la sentencia de la cual se recurre y se ordena la continuación de los procedimientos ante el tribunal de instancia.*

Así lo pronunció, manda el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Hernández Denton disintió sin opinión escrita. La Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Fuster Berlingeri no intervinieron.

*(Fdo.)* Francisco R. Agrait Lladó
*Secretario General*