Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Apelante<br><br>JORGE ANTONIO LABORDE CORRETJER T/C/C JORGE A. LABORDE CORRETJER<br><br>Apelado | KLAN202400892 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: KCD2015-0182<br><br>Sobre: Cobro De Dinero y Ejecución De Hipoteca Por La Vía Ordinaria |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de octubre de 2024.

Al examinar el presente recurso nos percatamos que carecemos de jurisdicción para atenderlo por haber sido presentado prematuramente, por lo tanto, procede su **desestimación**. **Veamos.**

**-I-**

En primer orden, el asunto ante la consideración de este Tribunal apelativo es el siguiente.

El **3 de octubre de 2024**, *Banco Popular de Puerto Rico* (en adelante, "BPPR") presentó un recurso de apelación, en el cual cuestiona la *Sentencia* emitida el **28 de agosto de 2024, notificada el 4 de septiembre de 2024** por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "TPI").[1] En esta, el TPI determinó que: *"[S]egún reiteradamente apercibido y en consideración en el término transcurrido sin la comparecencia y cumplimiento de la Parte Demandante, se ordena el archivo del caso*

---

[1] Apéndice de la *Apelación,* págs. 20 – 22.

Número Identificador
SEN2024_____

*epígrafe, sin perjuicio, al amparo de la Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V.".*[2]

Inconforme, el **11 de septiembre de 2024**, BPPR presentó una *Moción de Reconsideración* ante el TPI.[3] No obstante, **sin que la moción fuera resuelta por el TPI**, BPPR sometió el presente recurso ante este Foro Apelativo.

**-II-**

La Regla 47 de Procedimiento Civil,[4] relativa a las solicitudes de reconsideración, dispone expresamente lo siguiente:

> *La parte adversamente afectada por una **orden o resolución** del Tribunal de Primera Instancia podrá, dentro del término **de cumplimiento estricto de quince (15) días** desde la fecha de la notificación de la **orden o resolución**, presentar una moción de reconsideración de la orden o resolución.*
>
> *La parte adversamente afectada por una **sentencia** del Tribunal de Primera Instancia podrá presentar, **dentro del término jurisdiccional de quince (15) días** desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.*
>
> *[...]*
>
> ***Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.***
>
> *La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.*[5]

Como vemos, la Regla antes citada claramente expresa que una vez se *presenta la moción de reconsideración quedan* **interrumpidos** *los términos para recurrir en alzada para* **todas** *las partes.* Es decir, que presentada una moción de reconsideración oportunamente ante el tribunal de instancia, ninguna parte puede acudir ante este Foro Apelativo hasta que la misma sea resuelta y notificada debidamente.

---

[2] Apéndice de la *Apelación*, pág. 22.
[3] Apéndice de la *Apelación*, págs. 23 – 26.
[4] Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V., R. 47.
[5] *Íd. Énfasis nuestro.*

Sabido es que la norma reiterada en nuestro ordenamiento procesal es que *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"*.[6] Por lo que la jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[7] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso —toda vez que cualquier sentencia dictada sin jurisdicción es **nula** en derecho— pues la ausencia de jurisdicción es **insubsanable**.[8]

Un recurso tardío, al igual que uno **prematuro**, *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*, por lo que debe ser desestimado.[9] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[10] Un recurso prematuro es aquel que se presenta en la Secretaría de un tribunal apelativo antes del momento en que este adquiere jurisdicción para entender en el caso.[11]

En consecuencia, la Regla 83(B)(1)(C) del Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso, a iniciativa propia, cuando carezca de jurisdicción para atenderlo.[12]

**-III-**

Del expediente ante nuestra consideración surge, que BPPR presentó el **11 de septiembre de 2024** una moción de reconsideración. No obstante, **no** surge que el TPI se hubiere expresado sobre la misma **antes** de la radicación del recurso legal

---

[6] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[7] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[8] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[9] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).
[10] *Íd.*
[11] *Torres Martínez v. Torres Ghigliotty*, *supra*, págs. 98 – 99.
[12] Véase; la Regla 83(B)(1)(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1)(C).

de epígrafe —el **3 de octubre de 2024**—. Dicha moción fue presentada oportunamente ante el foro de instancia, por lo que **los términos para recurrir ante nos quedaron interrumpidos hasta que dicho foro primario resuelva la misma**.

Nótese que, en el presente recurso el BPPR erróneamente nos indica que:

> "El 9 de septiembre de 2024, la parte demandante presentó una *Moción en Solicitud de Reconsideración*. **Al día de hoy, <u>el TPI no se ha expresado en cuanto a la referida moción, por lo que se concluye que la misma fue denegada de plano</u>. Véase *Rivera Rivera v. Municipio de Carolina*, 140 D.P.R. 131**."[13]

Un examen del citado caso <u>Rivera Rivera</u> v. <u>Municipio de Carolina</u>, *supra*, nos permite concluir que lo allí dispuesto no es de aplicación a estos hechos, ya que es un caso regulado por la antigua Ley de Procedimientos Administrativos Uniforme (LPAU).

En fin, al acudir BPPR ante nos sin que el TPI se expresara sobre la mencionada solicitud de reconsideración, convirtió en prematuro el presente recurso, por lo cual carecemos de jurisdicción para atenderlo.

**-IV-**

Por los fundamentos antes discutidos, **se desestima** la apelación de epígrafe por carecer de jurisdicción ante su presentación prematura.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] Véase, la pág. 4 del presente recurso. Énfasis nuestro.