ELADIO MIRANDA Y FÉLIX MANZANO, demandantes y apelantes, *v.* CORTE MUNICIPAL DE VEGA BAJA Y COSTAS & Co., demandadas y apeladas.

No. 4157.—*Visto:* Mayo 3, 1927. *Resuelto:* Mayo 31, 1927.

1. CERTIORARI—NATURALEZA Y FUNDAMENTOS—EXISTENCIA DEL RECURSO DE APELACIÓN—CUESTIONES REVISABLES EN APELACIÓN Y NO POR CERTIORARI.—Una sentencia en rebeldía y el negar al demandado el derecho a contestar en la corte municipal pueden ser revisados en apelación y no procede el recurso de *certiorari* para corregir dichos supuestos errores sino el de apelación.

2. CERTIORARI—NATURALEZA Y FUNDAMENTOS—EXISTENCIA DEL RECURSO DE APELACIÓN—EN GENERAL.—Cuando puede apelarse, debe presentarse un caso extraordinario para que se conceda el recurso extraordinario de *certiorari*.

3. CERTIORARI—NATURALEZA Y FUNDAMENTOS—EXISTENCIA DEL RECURSO DE APELACIÓN—EN GENERAL.—Una corte de distrito no debe ser molestada con un recurso de *certiorari* a menos que sea claro que el daño de que se queja el peticionario no pueda ser remediado adecuadamente en apelación.

SENTENCIA de *Domingo Sepúlveda,* J. (San Juan), declarando sin lugar recurso de *certiorari* con costas. *Confirmada.*

*V. M. Fernández,* abogado de los apelantes; *Besosa & Besosa,* abogados de la apelada, Costas & Co.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1] Los apelantes eran los demandados en un pleito entablado ante la Corte Municipal de Vega Baja. Sin resolver en realidad la cuestión, para los fines de esta apelación asumiremos que la Corte Municipal de Vega Baja estaba enteramente equivocada al dictar sentencia en rebeldía contra los apelantes después de eliminar la contestación que dichos apelantes habían radicado en la citada corte. Para corregir los supuestos errores de la Corte Municipal de Vega Baja, los apelantes en el presente caso radicaron una petición de *certiorari* en la Corte de Distrito de San Juan. La corte de distrito expidió el auto y posteriormente lo,

anuló fundándose, según resolvió la corte, en que los peticionarios pudieron obtener la revisión de las actuaciones de la corte municipal mediante un recurso de apelación, y además, en efecto, porque los peticionarios no habían demostrado circunstancias especiales por las cuales el procedimiento de revisión debió ser el recurso de *certiorari* y no la apelación. Los apelantes son de opinión de que un juicio en la corte municipal tan es un derecho adquirido que una mera apelación no podría brindarles un remedio adecuado por la privación que han sufrido. Sea esto cierto o no la ley y la constante jurisprudencia de esta corte sostienen que un recurso de *certiorari* ordinariamente no procede si la parte perjudicada tiene un remedio adecuado por medio de la apelación.

[2] En realidad de verdad, la Ley de marzo 11, 1908, reglamentando las apelaciones de las cortes municipales da a las cortes de distrito el derecho de revisar todas las resoluciones de las cortes municipales, y entonces concede al apelante un juicio *de novo*. Por tanto, el recurso de apelación es la forma normal para asegurar los derechos de las partes. La corte de distrito no resolvió que nunca procedía un *certiorari* cuando podía apelarse, sino que debía entonces presentarse un caso extraordinario. La corte no pudo ver cómo una sentencia en rebeldía y el negar el derecho a contestar no podían ser revisados en apelación, y tampoco lo vemos nosotros. De acuerdo con el artículo 140 del Código de Enjuiciamiento Civil una corte de distrito tiene amplios poderes en las apelaciones, así como en cuanto a otros extremos, y puede conceder a un demandado merecedor de ello toda oportunidad para que presente su contestación y se le oiga.

[3] La corte de distrito, al igual que esta corte, tiene amplia discreción en materia de *certiorari,* y no hallamos que hubiera abuso de tal discreción. Dicha corte no debe ser molestada con un recurso de *certiorari,* a menos que sea claro que el daño de que se queja el peticionario no pueda ser remediado adecuadamente en apelación. Resolvemos que la pri-

vación de un juicio en la corte municipal queda compensada suficientemente por un juicio en una corte de récord.

La sentencia apelada *debe ser confirmada.*