CONSUELO PÉREZ, peticionaria, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. CARLOS LLAUGER, JUEZ, demandada.

No. 606.—*Sometido:* Marzo 26, 1928. *Resuelto:* Febrero 12, 1929.

*Juan B. Soto,* abogado de la peticionaria; *Salvador Suau,* abogado de la demandada en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Consuelo Pérez, ''en su carácter de administradora judicial de los bienes correspondientes a la Sucesión de Rose

B. Wilkinson," interpuso demanda en la Corte de Distrito de San Juan contra la mercantil Sucesores de Manuel Pérez y Co., reclamando la suma de veinte mil dólares por concepto de daños y perjuicios. Se alega en ella, en resumen, que Rose B. Wilkinson murió a consecuencia de los golpes que recibiera a virtud de un choque con un truck de la demandada guiado negligentemente y que su Sucesión se compone de las siguientes personas, todas mayores de edad: Erma Romaine Shellenberger, Wenona Wilkinson, Ruth Hawthorne y Margary Beans.

La parte demandada formuló varias mociones y luego un escrito de excepciones previas. Entre las excepciones alegadas está la de que "la demandante carece de capacidad legal para demandar," que fué discutida ampliamente y declarada con lugar por la corte de distrito, concediéndose a la demandante el término de diez días para enmendar la demanda, por resolución de 22 de octubre de 1927.

Así las cosas, el 7 de noviembre siguiente la demandada presentó una moción pidiendo a la corte que dictara sentencia teniendo a la demandante por desistida de su acción, ya que no había hecho uso del derecho que se le concediera para enmendar su demanda. Nada proveyó la corte inmediatamente.

El 22 del propio noviembre de 1927 compareció la demandante y pidió a la corte que habiendo sido declarada con lugar la excepción previa de falta de capacidad, se sirviera dictar la sentencia que fuere procedente a los fines de establecer apelación contra ella.

El 6 de diciembre siguiente volvió a comparecer la demandada y repitió su moción de 7 de noviembre pidiendo que se dictara sentencia por abandono y se archivara el pleito.

El 8 de diciembre, 1927, la corte de distrito dictó una sentencia que copiada en lo pertinente, dice:

"Por cuanto: el día 22 de octubre de 1927 resolvió esta Corte la excepción previa de falta de capacidad legal de la demandante para

demandar, concediéndole un término de diez días para enmendar su demanda en debida forma;

"Por cuanto: dicha resolución fué notificada a la demandante con fecha 25 de octubre de 1927, y en este día no ha radicado su demanda enmendada;

"Por tanto: vista la moción de la parte demandada, radicada en noviembre 8, 1927, y considerando que ha vencido el término concedido a la demandante para enmendar su demanda, sin que lo haya hecho ni pedido prórroga para hacerlo, la Corte declara con lugar la moción de la demandada y dicta sentencia declarando a la demandante por desistida y abandonada de su acción y ordenando el archivo de este caso con imposición de costas a la demandante"

El 4 de enero de 1928 la demandante apeló de la anterior sentencia para ante este Tribunal Supremo, y el 14 del propio mes pidió a la corte de distrito que reconsiderara su sentencia de 8 de diciembre, 1927. Parece conveniente transcribir los fundamentos de su moción. Son así:

"Que con fecha 29 de octubre de 1927, se dictó por esta Hon. Corte, una Resolución declarando con lugar la excepción previa de falta de capacidad legal para demandar, interpuesta por la demandada.

"Que posteriormente, o sea el 23 de noviembre de 1927, la demandante solicitó de esta Hon. Corte se sirviera dictar sentencia sobre los méritos del caso a los fines de la apelación.

"Que con fecha 8 de diciembre de 1927 esta Hon. Corte, sin haber resuelto la moción de la demandante, decretó a petición de la demandada, el archivo de este caso.

"Por tanto, a esta Hon. Corte suplica ahora la demandante, se sirva reconsiderar su sentencia de 8 de diciembre de 1927, decretando el archivo de este caso, y, a su vez, resolver la moción de la demandante, dictando sentencia sobre los méritos del caso a fin de que la demandante pueda formular la apelación correspondiente."

El 10 de febrero de 1928 la corte de distrito resolvió la moción de reconsideración en el sentido de que habiendo transcurrido el término en que su sentencia fué dictada, no tenía ya facultades para alterarla en la forma solicitada por la demandante.

Fué entonces que la demandante inició ante esta Corte

Suprema el presente recurso de *certiorari,* en el que también ha comparecido la parte demandada en el pleito sobre daños y perjuicios oponiéndose a las pretensiones de la demandante.

En su alegato la peticionaria discute con empeño la cuestión de fondo envuelta, a saber: si la administradora tiene o no capacidad para iniciar el litigio. Por el contrario la parte demandada en el pleito sostiene con insistencia que la peticionaria no puede discutir esa cuestión porque sería sustituir la apelación que voluntariamente abandonó por el recurso de *certiorari* que sólo se da para investigar cuestiones de jurisdicción o procedimiento.

Hemos expuesto los hechos tales como constan de los autos originales elevados a esta corte a virtud del auto de *certiorari* expedido.

El motivo que tuvo la corte de distrito para negarse a reconsiderar su sentencia declarando a la demandante "desistida y abandonada de su acción" fué el creer que había perdido su jurisdicción por haber transcurrido el término en que la sentencia fué dictada.

No estamos conformes. Aunque la petición de la demandante se titula de reconsideración y aunque en ella no se cita el artículo 140 del Código de Enjuiciamiento Civil, es lo cierto que de ella se deduce que el poder que tal artículo confiere fué el que se pidió a la corte que ejercitara. La misma corte de distrito expresa en su resolución negando la reconsideración que cuando dictó su sentencia por abandono no conocía la existencia de la moción de la demandante pidiéndole que resuelta la excepción previa en su contra dictara sentencia para poder apelar. ¿Se quiere un caso más claro de inadvertencia?

Limitándonos dentro de este recurso de *certiorari* a encauzar el procedimiento a fin de garantir la defensa de todos los derechos envueltos, nos parece que la resolución apropiada que debemos dictar es la de *anular la resolución de la corte de distrito de 10 de febrero de 1928 por virtud de la*

*cual negó la reconsideración que le pidiera la demandante y devolver el caso a la dicha corte* para que decidiendo dicha moción reconsidere y anule su sentencia por abandono de 8 de diciembre de 1927 y dicte la que solicitó la demandante por su moción de 22 de noviembre de 1927.

El Juez Asociado señor Wolf disintió.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

El demandado solicitó que se dictara una sentencia por abandono, cuando aún estaba pendiente una moción para que se dictara una sentencia permitiendo a la demandante revisar la actuación de la corte al sostener una excepción previa a la demanda. La corte pasó por alto, o hizo caso omiso, de la moción de la demandante y dictó sentencia a favor del demandado, fundándose en el abandono. En lo que a la demandante se refería, esto equivalía a una sentencia final. Entonces la demandante tenía derecho a apelar y a demostrar a esta corte que la sentencia por abandono fué dictada impropia o prematuramente. No apeló y el haber dejado de hacerlo así es un obstáculo para esta corte poder tomar cualquier acción en un recurso de *certiorari.*

Quizá la demandante hizo bien y estaba acertadamente dentro de sus derechos, al solicitar de la corte que reconsiderara o dejara sin efecto su sentencia. La moción tal vez pudo considerarse, según sugiere la opinión de la mayoría, como un procedimiento de conformidad con el artículo 140 del Código de Enjuiciamiento Civil, siempre discrecional, pero la moción debe ser considerada más correctamente como un derecho de la demandante que la corte debió haber concedido para no insistir en su error. La corte declaró sin lugar la moción por un fundamento totalmente erróneo. Ahora bien, como la sentencia no respondía a la moción presentada por la demandante, la moción para reconsiderar o para dejar sin efecto fué cuestión no incluida directamente o no considerada por la corte al dictar su sentencia. Por tanto, la resolución fué dictada después de sentencia. Li-

teralmente cualquier resolución que lleve fecha posterior a la sentencia es una providencia dictada después de sentencia. La exclusión o excepción es aplicable a cuestiones incluidas directamente en la sentencia, como la apreciación de la prueba o la resolución de una excepción previa. Como la corte no consideró en forma alguna la moción de la demandante, la sentencia dictada no cayó dentro de la excepción de que las cuestiones consideradas por una sentencia solamente pueden ser revocadas mediante la apelación de dicha sentencia. La demandante tuvo dos oportunidades para apelar y no se aprovechó de ninguna de ellas.

Por tanto, la peticionaria no tenía derecho a recurrir a un remedio extraordinario, a menos que hubiera alguna razón especial para distinguir su caso de cualquier otro en que se haya dejado de apelar.

De lo contrario equivaldría a la regla universal de que una parte que deja de valerse de su derecho de apelación puede, sin demostrar nada extraordinario, invocar nuestras facultades extraordinarias. La jurisprudencia es clara al efecto de que el auto de *certiorari* no puede utilizarse como un substituto del recurso de apelación. *Viejo* v. *Corte de Distrito,* 34 D.P.R. 832; *Miranda* v. *Corte Municipal,* 36 D.P.R. 865, y *Guevara* v. *Corte de Distrito,* 37 D.P.R. 956.

El auto debió haber sido anulado.