EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Supermercado Econo, Inc.<br><br>        Recurrido<br><br>            v.<br><br> Ignacio Veloz Camejo, María Mercedes Arroyo Torres<br><br>        Peticionarios | Certiorari<br><br>2006 TSPR 107<br><br>168 DPR _____ |

Número del Caso: CC-2004-1208

Fecha: 28 de junio de 2006

Tribunal de Apelaciones:

> Región Judicial de Carolina

Jueza Ponente:

> Hon. Zaida Hernández Torres

Abogado de la Parte Peticionaria:

> Lcdo. Orlando Martínez Sotomayor

Abogados de la Parte Recurrida:

> Lcdo. Jaime Brugueras
> Lcda. María Teresa Figueroa

Materia: Cobro de Dinero y Ejecución de Prenda

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Supermercado Econo,Inc.

     Recurrido

       v.

                            Certiorari

Ignacio Veloz Camejo, María      CC-2004-1208
Mercedes Arroyo Torres

     Peticionarios

SENTENCIA

En San Juan, Puerto Rico, a 28 de junio de 2006.

Los hechos del presente caso son los siguientes. Supermercado Econo, Inc. presentó una demanda en cobro de dinero contra de los peticionarios, el Sr. Ignacio Veloz Camejo, la Sra. María M. Arroyo Torres y la Sociedad de Bienes Ganaciales compuesta por éstos. Los peticionarios, a su vez, presentaron una demanda contra tercero contra Inmobiliaria Econo, Inc. e Inmobiliaria Econo, S.E.. El Tribunal de Primera Instancia emitió una sentencia parcial desestimando la demanda contra tercero. Esta sentencia fue notificada y archivada en autos el 6 de abril de 2004.

Oportunamente, el 12 de abril de 2004, los peticionarios solicitaron reconsideración. El 6 de mayo de 2004, a los 30 días de haberse notificado la sentencia parcial, el Tribunal de Primera Instancia acogió para estudio la moción de reconsideración de los peticionarios y también una oposición que habían presentado los terceros demandados. Sin embargo, esta resolución fue notificada y archivada en autos el 14 de mayo de 2004, 8 días después de haberse emitido la resolución y 38 días después de haberse notificado la sentencia parcial.

El 16 de agosto de 2004, el Tribunal de Primera Instancia denegó la moción de reconsideración. Dicha resolución fue notificada y archivada en autos el 30 de septiembre de 2004. Inconforme con la determinación del Tribunal de Primera Instancia, los peticionarios presentaron un recurso de *Certiorari* ante el Tribunal de Apelaciones el 1[ro] de octubre de 2004. Éste sería el último día hábil para presentar su recurso si se toma como punto de partida el día en que se notificó la resolución del Tribunal de Primera Instancia denegando la solicitud de reconsideración.[1]

El Tribunal de Apelaciones se negó a expedir el auto de *Certiorari* de los peticionarios porque concluyó que el recurso fue presentado fuera del término jurisdiccional.[2] Entendió el Tribunal que la moción de reconsideración no había interrumpido el término jurisdiccional pues aunque el tribunal de instancia acogió la reconsideración de los

---

[1] Mediante resolución del 20 de septiembre de 2004 (EM-2004-5) suspendimos el cumplimiento con los términos que estaban decursando para la presentación de recursos que vencían entre el 15 al 30 de septiembre de 2004 debido a los efectos de la tormenta Jeanne.

[2] El juez Brau Ramírez emitió un voto disidente.

peticionarios dentro del término dispuesto en las Reglas, su decisión se notificó después que éste había transcurrido. Por esta razón, el Tribunal de Apelaciones resolvió que el término para solicitar el *Certiorari* había vencido el 6 de mayo de de 2004, 30 días después de haberse notificado la sentencia parcial. Sostuvo su decisión en que a partir de Caro Ortiz v. Cardona Rivera, 2003 T.S.P.R. 11, para interrumpir el término jurisdiccional, se requiere que tanto la decisión del tribunal de instancia atendiendo la reconsideración como la notificación de su resolución a esos efectos ocurran dentro del término que ese tribunal tiene para actuar. La solicitud de reconsideración presentada por los peticionarios fue denegada.[3]

Los peticionarios acuden ante nosotros señalando que el Tribunal de Apelaciones erró al entender que el recurso se presentó tardíamente y por ello denegar su petición de *Certiorari*. En apoyo de esta contención argumentan, en esencia, que los efectos de una decisión judicial no pueden estar supeditados a una gestión oficinesca, como es la notificación de las resoluciones de un tribunal, y que la norma establecida en Caro Ortiz v. Cardona Rivera, *supra*, no aplica a este caso. Luego de examinar detenidamente el asunto, este Tribunal se encuentra igualmente dividido en cuanto a la solución de la controversia presentada en este caso. Por esta razón, se expide el auto, se confirma el dictamen del Tribunal de Apelaciones, y se devuelve el caso al foro de instancia para que se continúe con los procedimientos.

---

[3] El juez Brau Ramírez hubiera reconsiderado.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo de Puerto Rico. El Juez Presidente señor Hernández Denton está conforme con la Sentencia emitida por este Tribunal por entender que no se debe revocar la norma que se adoptó hace apenas tres años en Caro v. Cardona, 2003 TSPR 11. El Juez Asociado señor Rebollo López emitió una Opinión de Conformidad. La Jueza asociada señora Fiol Matta emitió Opinión Disidente a la cual se unen el Juez Asociado señor Rivera Pérez y la Jueza Asociada señora Rodríguez Rodríguez.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Supermercado Econo, Inc.

    Recurrido

      vs.                         CC-2004-1208
CERTIORARI

Ignacio Veloz Camejo, María
Mercedes Arroyo Torres

    Peticionarios


OPINIÓN DE CONFORMIDAD EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 28 de junio de 2006


En vista del empate surgido y dado el hecho de que en la Sentencia que, como consecuencia del referido empate, se emite en el presente caso no se explica, ni expresa, nuestra posición, esto es, el porqué entendemos procedente confirmar la sentencia emitida por el Tribunal de Apelaciones, me veo en la necesidad de explicar, aun cuando brevemente, mi posición.

No estamos de acuerdo con la posición asumida en la Opinión disidente, que suscriben tres integrantes de este Tribunal, por entender que la norma jurisprudencial establecida en Caro

Ortiz v. Cardona Rivera, res. el 11 de febrero de 2003[4],
resulta ser más beneficiosa para la profesión que la norma
que endosan con su voto estos tres integrantes del
Tribunal.[5]

Un simple ejemplo es todo lo que se necesita para
poder percatarse de la corrección de lo antes señalado, a
saber:

Bajo la norma vigente --establecida en Caro Ortiz,
ante--, radicada en tiempo una moción de reconsideración
por cualesquiera de las partes, el abogado que piensa
acudir en alzada y que, por ende, viene en la obligación de
tener su recurso de apelación listo para radicarse a los 30
días de la fecha de notificación y archivo en autos de la
sentencia, de ordinario coteja con la Secretaría del
tribunal, pasados los 10 días de haberse radicado la
reconsideración, si hay alguna acción de parte del juez de

---

[4] 2003 TSPR 11.

[5] En Caro Ortiz, ante, resolvimos que para que la acción que
tome el tribunal de instancia, respecto a una moción de
reconsideración, tenga el efecto de interrumpir el término
jurisdiccional para recurrir en alzada de una sentencia que
éste haya emitido, es necesario no solo que el tribunal
considere la moción antes de que transcurra el término para
ir en alzada, o que una de las partes haya recurrido al
foro apelativo, sino que esa determinación del tribunal
tiene que notificarse antes de que hayan ocurrido esos
eventos procesales.

En la Opinión disidente que suscriben tres Jueces de este
Tribunal se propone, erróneamente a nuestro juicio, que
eliminemos el segundo requisito establecido en Caro Ortiz,
ante, esto es, que la notificación no tiene que llevarse a
cabo antes de que transcurra el término para ir en alzada
y/o antes de que una de las partes haya recurrido al foro
apelativo.

instancia. Este abogado vuelve a cotejar con Secretaría, el día número 30, si ha habido alguna determinación. De contestársele en la negativa, éste radica su recurso ese mismo día. Este recurso nunca podrá ser prematuro; ello en vista de que la notificación, fuera del término de 30 días, no surte efecto alguno.

Bajo la norma propuesta en la Opinión disidente, aun cuando Secretaría le informe al abogado, el día número 30, que desconoce de determinación alguna de parte del juez sentenciador --por el expediente, todavía, estar en el despacho de éste-- el recurso que se radique ese día puede resultar prematuro por razón de que sería válida una notificación de Secretaría, con posterioridad a haber transcurrido dicho término, referente la misma a una determinación de "último momento" tomada por el juez dentro del mencionado término de 30 días.

De todas maneras, e independientemente de los argumentos que se puedan aducir en apoyo de una o la otra posición, lo cierto es que la norma propuesta no elimina los problemas, sino que, cuando menos, causa otros.

Si ello es así, procede que nos preguntemos: ¿por qué revocar una norma ya establecida e implantar una norma que causa otros problemas, esto es, que no resuelve la situación en su totalidad? Hacerlo, en nuestro criterio, resulta ser un ejercicio de futilidad.

Siempre he sido del criterio que, únicamente, hay dos formas, o maneras, mediante las cuales se pueden eliminar

totalmente los problemas que presenta esta situación --una por la vía legislativa y, la segunda, por la vía judicial-- a saber:

1) La Asamblea Legislativa podría enmendar las Reglas de Procedimiento Civil y disponer que la mera radicación de la moción de reconsideración interrumpe automáticamente el término para acudir al foro apelativo; ello al igual que en relación con la moción en solicitud de determinaciones adicionales de hechos y al igual que en el caso de la moción de reconsideración que se radica respecto a una sentencia emitida por el Tribunal de Apelaciones. A los fines de eliminar la indeseable práctica de prolongar los pleitos, se puede legislar para, específicamente, autorizar a los tribunales para imponer sanciones si estiman que la moción de reconsideración radicada es frívola.

2) Este Tribunal podría revocar la norma jurisprudencial que establece que el tribunal de instancia puede reconsiderar su actuación, respecto a una moción de reconsideración, siempre que no haya transcurrido el término para recurrir en alzada y que no se haya radicado un recurso. Personalmente no favorezco este curso de acción; ello por los fundamentos que correctamente se exponen en la Opinión disidente.

En resumen, no favorezco la revocación de la norma establecida en Caro Ortiz, ante, por razón de que, en mi opinión, el así hacerlo no ayuda en nada la situación de

los abogados en la práctica de la profesión, lo cual deberá ser nuestro norte siempre.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Supermercado Econo,Inc.

    Recurrido

      v.

Ignacio Veloz Camejo, María
Mercedes Arroyo Torres

    Peticionarios

|  |  |
|---|---|
|  | Certiorari |
|  | CC-2004-1208 |

Opinión disidente emitida por la JUEZA ASOCIADA FIOL MATTA a la cual se unen el JUEZ ASOCIADO RIVERA PÉREZ y la JUEZA ASOCIADA RODRÍGUEZ RODRÍGUEZ

En San Juan, Puerto Rico, a 28 de junio de 2006.

En _Caro Ortiz v. Cardona Rivera_, 2003 T.S.P.R. 11, nos expresamos sobre el efecto interruptor de una moción de reconsideración sobre el término jurisdiccional para recurrir en alzada de una sentencia del Tribunal de Primera instancia. Resolvimos que para que se dé ese efecto es necesario no sólo que el tribunal de instancia **considere** la moción antes de que transcurra el término para ir en alzada o que una de las partes recurra al foro apelativo, sino que **además** esa determinación del tribunal **tiene que notificarse** antes de que hayan ocurrido esos

eventos procesales.[6] Por las razones que expongo a continuación, disiento de la acción de este Tribunal de confirmar al Tribunal de Apelaciones. Entiendo que debemos revocar nuestras expresiones en Caro Ortiz v. Cardona Rivera, *supra*, en cuanto a la necesidad de que la decisión del tribunal de instancia atendiendo la reconsideración sea notificada dentro del término que tiene el tribunal para actuar, para interrumpir el término jurisdiccional para acudir en alzada.

## I.

Los hechos pertinentes del presente caso no están en controversia. Supermercado Econo, Inc. presentó una demanda en cobro de dinero contra de los peticionarios, el Sr. Ignacio Veloz Camejo, la Sra. María M. Arroyo Torres y la Sociedad de Bienes Ganaciales compuesta por éstos. Los peticionarios, a su vez, presentaron una demanda contra tercero contra Inmobiliaria Econo, Inc. e Inmobiliaria Econo, S.E.. El Tribunal de Primera Instancia emitió una sentencia parcial desestimando la demanda contra tercero. Esta sentencia fue notificada y archivada en autos el 6 de abril de 2004.

Oportunamente, el 12 de abril de 2004, los peticionarios solicitaron reconsideración. El 6 de mayo de 2004, a los 30 días de haberse notificado la sentencia parcial, el Tribunal de Primera Instancia acogió para estudio la moción de reconsideración de los peticionarios y también una oposición que habían presentado los terceros

---

[6] El Juez Asociado señor Rivera Pérez emitió una opinión disidente. El Juez Asociado señor Corrada del Río disintió sin opinión escrita.

demandados. Sin embargo, esta resolución fue notificada y archivada en autos el 14 de mayo de 2004, 8 días después de haberse emitido la resolución y 38 días después de haberse notificado la sentencia parcial.

El 16 de agosto de 2004, el Tribunal de Primera Instancia denegó la moción de reconsideración. Dicha resolución fue notificada y archivada en autos el 30 de septiembre de 2004. Inconforme con la determinación del Tribunal de Primera Instancia, los peticionarios presentaron un recurso de *Certiorari* ante el Tribunal de Apelaciones el 1ro de octubre de 2004. Éste sería el último día hábil para presentar su recurso si se toma como punto de partida el día en que se notificó la resolución del Tribunal de Primera Instancia denegando la solicitud de reconsideración.[7]

El Tribunal de Apelaciones se negó a expedir el auto de *Certiorari* de los peticionarios porque concluyó que el recurso fue presentado fuera del término jurisdiccional.[8] Entendió el Tribunal que la moción de reconsideración no había interrumpido el término jurisdiccional pues aunque el tribunal de instancia acogió la reconsideración de los peticionarios dentro del término dispuesto en las Reglas, su decisión se notificó después que éste había transcurrido. Por esta razón, el Tribunal de Apelaciones resolvió que el término para solicitar el *Certiorari* había vencido el 6 de mayo de de 2004, 30 días después de

---

[7] Mediante resolución del 20 de septiembre de 2004 (EM-2004-5) suspendimos el cumplimiento con los términos que estaban decursando para la presentación de recursos que vencían entre el 15 al 30 de septiembre de 2004 debido a los efectos de la tormenta Jeanne.

[8] El juez Brau Ramírez emitió un voto disidente.

haberse notificado la sentencia parcial. Sostuvo su decisión en que a partir de Caro Ortiz v. Cardona Rivera, *supra*, para interrumpir el término jurisdiccional, se requiere que tanto la decisión del tribunal de instancia atendiendo la reconsideración como la notificación de su resolución a esos efectos ocurran dentro del término que ese tribunal tiene para actuar. La solicitud de reconsideración presentada por los peticionarios fue denegada.[9]

Los peticionarios acuden ante nosotros señalando que el Tribunal de Apelaciones erró al entender que el recurso se presentó tardíamente y por ello denegar su petición de *Certiorari*. En apoyo de esta contención argumentan, en esencia, que los efectos de una decisión judicial no pueden estar supeditados a una gestión oficinesca, como es la notificación de las resoluciones de un tribunal, y que la norma establecida en Caro Ortiz v. Cardona Rivera, *supra*, no aplica a este caso. Para resolver estos planteamientos es necesario re-evaluar nuestras expresiones en Caro Ortiz v. Cardona Rivera, *supra*, y decidir si es prudente mantenerlas.

## II.

La Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 47 (2001), regula la consideración de las mociones de reconsideración y las pautas para la interrupción de los términos para recurrir al foro apelativo si se presenta una moción de reconsideración. La regla 47 vigente al momento de los hechos de este caso, en lo pertinente, establecía un término jurisdiccional de 15

---

[9] El juez Brau Ramírez hubiera reconsiderado.

días para presentar una moción de reconsideración de la resolución, orden o sentencia.  Este término se contaría desde la fecha de la notificación de la resolución u orden o desde el archivo en los autos de una copia de la notificación de una sentencia. Presentada oportunamente la moción, el tribunal tenía 10 días para considerarla. El término para apelar o presentar un recurso de *certiorari* ante el entonces Tribunal de Circuito de Apelaciones se interrumpía si el tribunal "tomaba alguna determinación en su consideración" dentro de ese tiempo. Una vez interrumpido el término, éste empezaría a contarse:

> ...desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. **Por otro lado, si se tomare alguna determinación en la consideración de una moción de reconsideración, el plazo para presentar un recurso de *certiorari* con término de cumplimiento estricto ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se notifica la resolución del tribunal resolviendo definitivamente la moción.** Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.
>
> Cuando el término para apelar o presentar un recurso de *certiorari* fuere interrumpido en virtud de esta regla, la interrupción beneficiará a cualquier otra parte que se hallare en el pleito.
> ...(Énfasis suplido).

En varias ocasiones, interpretando esta regla y las que le antecedieron con igual redacción, hemos sostenido que aunque el tribunal de instancia rechace de plano una moción de reconsideración presentada oportunamente, fuese por acción afirmativa o por inacción, éste puede reconsiderar su actuación siempre que no haya transcurrido el término para recurrir en alzada; y si así lo hace, se

interrumpirá el término para recurrir al foro apelativo. En ese caso el término no comenzará a correr hasta que no se archive en autos copia de la notificación de la sentencia dictada en reconsideración o de la resolución que emita el tribunal atendiendo la reconsideración. [10] *Véase* Reyes Díaz v. E.L.A., 2001 T.S.P.R. 168; Lagares v. E.L.A., 144 D.P.R. 601 (1997); Pagán Navedo v. Rivera Sierra, 143 D.P.R. 314 (1997); El Mundo, Inc. v. Tribunal Superior, 92 D.P.R. 791 (1965). No obstante, según explicáramos antes, en Caro Ortiz v. Cardona Rivera, *supra*, decidimos que para que la consideración de una moción de reconsideración tenga el efecto de interrumpir el término jurisdiccional para acudir al foro apelativo es necesario que tanto la decisión del tribunal de instancia como el archivo en autos de copia de la notificación ocurran dentro del término que tenía ese tribunal para actuar.

Esta norma ha ocasionado problemas tanto a los abogados como a los jueces al momento de decidir si se ha presentado a tiempo un recurso. Ha hecho también que muchos litigantes pierdan la oportunidad de acudir al foro apelativo con sus planteamientos, por la confusión o el choque que crea esta decisión con nuestra pasada, larga y vasta línea jurisprudencial sobre el poder de los tribunales para reconsiderar sus decisiones. Igualmente,

---

[10] El cambio que introdujo, posterior a los hechos de este caso, la Ley núm. 520 de 29 de septiembre de 2004 al texto de la Regla 47 de Procedimiento Civil no alteró en nada las disposiciones de esta regla en lo referente a nuestra discusión sobre la consideración de las mociones de reconsideración, las pautas para la interrupción de los términos para recurrir al foro apelativo, y la jurisprudencia que interpreta esta regla, por lo que nuestra discusión al respecto es igualmente aplicable a la regla hoy día vigente. *Véase* Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. II R. 47 (Supl. 2005).

nuestras expresiones en <u>Caro Ortiz v. Cardona Rivera</u>, *supra*, contradicen nuestra interpretación en el campo administrativo de la situación análoga, relativa a las mociones de reconsideración y su efecto interruptor sobre el término para solicitar revisión judicial. En <u>Rivera v. Municipio de Carolina</u>, 140 DPR 131 (1996)(resolución), al negarnos a reconsiderar la sentencia que habíamos dictado en ese caso, resolvimos que el efecto interruptor de la moción de reconsideración al amparo de la Ley de procedimiento Administrativo Uniforme, dependerá, no de la fecha en que se notifique de la acción administrativa "considerándola", sino que la agencia hubiese actuado dentro del plazo para hacerlo.[11]

Por todas esas razones, entiendo que debemos hoy re-evaluar la norma formulada en el caso de <u>Caro Ortiz v. Cardona Rivera</u>, *supra*. Al hacerlo, este Tribunal debe recordar que la Regla 47 de Procedimiento Civil persigue esencialmente dos propósitos: 1. crear la oportunidad para que el tribunal pueda realizar la tarea de corregir cualquier error que haya cometido al dictar una sentencia

o resolución; y 2. evitar que el medio procesal de la reconsideración se convierta en una vía para dilatar innecesariamente la ejecución de un dictamen judicial.

---

[11] La posición en contrario de tres jueces asociados, quienes hubieran resuelto que la notificación de la resolución de la agencia debía ocurrir también dentro del plazo concedido a ésta para "considerar" la moción, se basó, esencialmente, en que la moción de reconsideración tenía en esa época carácter jurisdiccional y en la clara intención legislativa de agilizar y hacer más eficientes los procesos administrativos. (Los Jueces Asociados señores Hernández Denton y Corrada del Río emitieron sendas opiniones disidentes; la Jueza Asociada Naveira de Rodón expresó estar de acuerdo con la posición adoptada por éstos.)

Lagares v. E.L.A., *supra*, pág. 612. También debe considerar el efecto que tiene la norma adoptada en Caro Ortiz v. Cardona Rivera, *supra*, sobre el poder de los tribunales de evaluar sus propias providencias y sobre la prolongación del proceso judicial, así como la efectividad de esta norma en preservar el derecho a recurrir de las partes, la posibilidad de que promuevan que las partes y los tribunales sean diligentes, y si responde a la realidad práctica de nuestro proceso judicial. Igualmente este Tribunal debe ser fiel al espíritu de la Regla 47, a los intereses que se han tratado de preservar a lo largo de su historia en nuestro ordenamiento, y al ordenamiento procesal establecido por las Reglas de Procedimiento Civil y por las Reglas de Administración del Tribunal de Primera Instancia.

III.

La historia de la Regla 47 en nuestro ordenamiento nos demuestra que siempre se ha tratado de preservar el derecho de las partes a apelar y el poder de los tribunales de reconsiderar sus decisiones, a la vez que se ha intentado evitar que las normas sobre la reconsideración de sentencias sirvan para retrasar el proceso judicial y la efectividad de las sentencias.

La práctica de presentar mociones de reconsideración en contra de sentencias, órdenes y resoluciones es una costumbre firmemente establecida en nuestro ordenamiento, desde el inicio del siglo XX. En ese entonces, los abogados puertorriqueños presentaban estas mociones y los tribunales las consideraban aun cuando no estaban

contempladas en nuestro Código de Enjuiciamiento Civil.[12]

La práctica estaba tan generalizada que la Corte de Apelaciones para el Primer Circuito, foro al cual se apelaban las decisiones de nuestro Tribunal Supremo, resolvió que la presentación de una moción de reconsideración suspendía el término para apelar. Posteriormente, ante el pedido de los tribunales para que esta práctica se reglamentara, la Asamblea Legislativa enmendó el Código de Enjuiciamiento Civil para sistematizar la presentación de estas mociones y evitar las prácticas dilatorias de los litigantes que se dieron a partir de la decisión de la Corte de Apelaciones para el Primer Circuito. *Véase* Hiram A. Sánchez Martínez, La reconsideración de resoluciones u órdenes interlocutorias y de sentencia finales, 15 Rev. Jur. U.I.P.R. 367, 369-70 (1981); Dávila v. Collazo, 50 D.P.R. 494 (1936); Saurí v. Saurí, 45 F. 2d 90 (1930). Así, se enmendó el artículo 292 del Código de Enjuiciamiento Civil y se establecieron unos términos en los cuales las partes debían presentar sus mociones de reconsideración y el tribunal atenderlas. También se dispuso que el término para ir en alzada no quedaría interrumpido si la moción era rechazada de plano,

---

[12] Antes de 1937 y que contáramos con una disposición que regulara la moción de reconsideración, entendíamos que el artículo 140 del Código de Enjuiciamiento Civil de 1904, que contemplaba una especie de relevo de sentencia, otorgaba a los tribunales la facultad de atender las mociones de reconsideración que se les presentaban. *Véase* Pérez v. Corte de Distrito, 39 D.P.R. 130 (1929); Saldaña v. Comas, Síndico, 41 D.P.R. 339 (1930). Como expusiéramos en Lagares v. E.L.A., 144 D.P.R. 601 (1997) el fundamento para esto era que artículo 140 "concedía a los tribunales sentenciadores la facultad para eximir a cualquier persona de los efectos de una sentencia u orden dictada contra ella por equivocación, inadvertencia, sorpresa o excusable negligencia", por lo que se entendía que sí teníamos

pero sí se interrumpiría si el tribunal reconsideraba su

determinación.[13]      En Marcano v. Marcano,   60   D.P.R.   351

(1942), resolvimos que el término  para  que  el tribunal

actuara era directivo y no jurisdiccional. No obstante,

esta   nueva   reglamentación   de   las   mociones   de

reconsideración trajo problemas para los abogados y las

partes, ya que el tribunal debía actuar en un  corto  tiempo

---

alguna disposición que reconocía, aunque no expresamente, este poder inherente de los tribunales.

[13] El artículo 292 del Código de Enjuiciamiento establecía que:

> Una sentencia o providencia, dictada en un pleito civil, excepto cuando hubiere adquirido expresamente el carácter de definitiva y firme, podrá ser revisada de acuerdo con lo prescrito en este código, y de ningún otro modo.
>
> Cualquier parte agraviada por una sentencia o resolución de una corte de distrito en una acción civil podrá, dentro del término improrrogable de quince días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia o dentro del término improrrogable de cinco días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, radicar en la corte que hubiere dictado la sentencia o resolución una petición exparte para la revisión o reconsideración de su sentencia o resolución, haciendo constar en ella los hechos y los fundamentos de derecho sobre los cuales se basa la solicitud. **La corte deberá resolver la moción de reconsideración dentro de los cinco días después de haberse radicado, y si la corte rechazare de plano la petición, el término para apelar de la sentencia o resolución de cuya revisión se trate se computará en la forma prevista por este código, como si no se hubiese presentado petición alguna de revisión o reconsideración. Si la corte resolviere reconsiderar su sentencia o resolución u oír a las partes sobre la moción de reconsideración, el término para apelar se computará desde la fecha del archivo, como parte de los autos del caso, de una copia de la notificación hecha por el secretario de la corte a la parte perdidosa de la resolución definitiva del tribunal.**

Artículo 292 del Código de Enjuiciamiento de 1904 según enmendado por la Ley núm. 67 de 8 de mayo de 1937 (énfasis suplido).

y usualmente no lo hacía. La parte se encontraba así en la disyuntiva de abandonar su reconsideración y presentar el recurso de apelación o esperar que el tribunal resolviera la moción y expirara el término para apelar. *Véase* Hiram A. Sánchez Martínez, *supra*, pág. 382.

Al adoptar las Reglas de Procedimiento Civil  de 1958, la Asamblea Legislativa intentó resolver este problema acogiendo la sugerencia de este Tribunal de incluir en la regla una disposición que estableciera que si  el tribunal no actuaba sobre la moción de reconsideración se entendiera que la misma fue rechazada de plano.[14] *Véase* Guilhon v. Corte, 64 D.P.R. 303, 309 (1944). Esto, sin embargo, no resolvió todos los problemas que representaba la regla para los litigantes. Con el pasar del tiempo surgió la interrogante de si el tribunal podía reconsiderar su determinación después de haber rechazado la moción de reconsideración, ya fuera por inacción o por acción afirmativa.  En el caso de El Mundo v. Tribunal

---

[14] La Regla 47 de Procedimiento Civil de 1958 establecía que:

> La parte agraviada por la sentencia o por una resolución podrá, dentro del término de 15 días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, o dentro del término de 5 días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, presentar una moción de reconsideración de la sentencia o de la resolución. El tribunal, dentro de los 5 días de haberse presentado dicha moción, deberá rechazarla de plano o señalar vista para oír las partes. Si la rechazare de plano, el término para apelar se considerará como que nunca fue interrumpido. Si se señalare vista para oír a las partes, el término empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción en relación a la moción de reconsideración dentro de los 5 días de haber

<u>Superior</u>, *supra,* resolvimos el asunto. Fundamentándonos,

en parte, en el poder inherente de los tribunales de

reconsiderar sus propias determinaciones así como en el

artículo 7 del Código de Enjuiciamiento Civil[15] que estaba

vigente, resolvimos que:

> una vez presentada en tiempo la moción de reconsideración, y resuelta por el Tribunal declarándola sin lugar de plano, bien por acción afirmativa o bien por inacción dentro de los 5 días de su presentación, el Tribunal no queda privado de su facultad para reconsiderar esa actuación suya si considera que en realidad la moción de reconsideración plantea una cuestión sustancial y meritoria y que en bien de la justicia debe señalar una vista para oír a las partes, siempre que ya no se le haya privado de jurisdicción por razón de haberse interpuesto contra la sentencia un recurso de apelación o de revisión o no haya expirado el término para interponer dichos recursos. No puede cuestionarse seriamente que cuando el Tribunal dicta una resolución rechazando de plano una moción de reconsideración, tenga facultad, si se ha equivocado, para reconsiderar su resolución ya a solicitud de parte o *sua sponte.* No hay razón legal alguna para aplicar una doctrina distinta, cuando por virtud de la Regla 47[de las Reglas de Procedimiento Civil de 1958], la moción de reconsideración se entiende rechazada de plano si el Tribunal no ha actuado sobre la misma dentro del susodicho término de 5 días. No entendemos la Regla 47 [de las Reglas de Procedimiento Civil de 1958] como indicativa de que una vez rechazada de plano la reconsideración, prive al Tribunal de

> jurisdicción para dejar sin efecto tal resolución y señalar la moción para vista siempre que lo haga en tiempo.

Esta decisión provocó nuevos problemas para los

litigantes, ya que no sabían qué hacer cuando su moción de

reconsideración era rechazada de plano por inacción del

---

> sido presentada, se entenderá que la misma ha sido rechazada de plano.

[15] El artículo 7 del Código de Enjuiciamiento Civil disponía en lo pertinente:

Toda corte tiene poder:
...
8. Para inspeccionar y corregir sus providencias y órdenes con el fin de ajustarlas a la ley y la justicia.

tribunal, si acudir en alzada o esperar a ver si el tribunal de instancia finalmente la resolvía. No obstante este problema, el esquema de la Regla 47 se mantuvo en las Reglas de Procedimiento Civil de 1979. Aún más, la Asamblea Legislativa estimó que la norma que establecimos en El Mundo v. Tribunal Superior, *supra,* debía conservarse y rechazó los intentos de modificarla, entre éstos la propuesta del Comité Consultivo para las Reglas de Procedimiento Civil de 1979 del Tribunal Supremo que recomendó dejarla sin efecto. *Véase* Regla 47, Informe Parcial de 1973, Comité sobre Procedimiento Civil, Conferencia Judicial de Puerto Rico; Dr. José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Publicaciones JTS, 766 (2000, Luiggi Abraham ed.); Hiram A. Sánchez Martínez, *supra*, pág. 385.

Es por esta razón, en parte, que mantuvimos viva esta norma en casos posteriores, a pesar que el artículo 7 del Código de Enjuiciamiento Civil[16], en el que habíamos fundamentado nuestra decisión en El Mundo v. Tribunal Superior, *supra,* ya no estaba vigente. *Véase* Reyes Díaz v. E.L.A., 2001 T.S.P.R. 168; Lagares v. E.L.A., 144 D.P.R. 601 (1997); Pagán Navedo v. Rivera Sierra, 143 D.P.R. 314 (1997). También mantuvimos viva la norma de El Mundo v. Tribunal Superior, *supra,* porque es la única

norma que reconoce la facultad inherente de los tribunales de corregir sus providencias antes de que éstas advengan finales y firmes.

Entiendo que nuestras expresiones en Caro Ortiz v. Cardona Rivera, *supra*, supeditando los efectos de una decisión judicial a que la notificación de ésta sea dentro

---

[16] *Véase supra* escolio 10.

del término que tenía el tribunal para actuar, son incompatibles con la intención legislativa de mantener viva la norma de El Mundo v. Tribunal Superior, *supra,* y con nuestro amplio historial jurisprudencial en ese sentido.  La norma de Caro Ortiz v. Cardona Rivera, *supra*, limita considerablemente la facultad del Tribuna de Primera Instancia de reconsiderar sus determinaciones, subordinando ese poder a una gestión oficinesca que no tiene nada que ver con el poder inherente de los tribunales de reconsiderar sus acciones.  Tomando en cuenta el historial de la Regla 47 en cuanto a la interrupción del término para ir en alzada, entiendo que entre mantener la norma de El Mundo v. Tribunal Superior, *supra,* o la de Caro Ortiz v. Cardona Rivera, *supra*, claramente debe permanecer la primera.

IV.

Por otro lado, este Tribunal ha sido consecuente en sostener que los derechos de las partes no deben afectarse por errores cometidos por la Secretaría. Véase Rodríguez Mora v. García Lloréns, 147 D.P.R. 305 (1998); Valentín v. Housing Promoters, Inc., 146 D.P.R. 712 (1998). De hecho, nuestra decisión en Caro Ortiz v. Cardona Rivera, *supra*, estuvo inspirada en parte por esta consideración.  En ese caso quisimos conservar el derecho a apelar del peticionario que se vio afectado por un error de la secretaría del tribunal.[17]

---

[17] En este caso, unos días después que el peticionario presentara su moción de reconsideración, la secretaría del tribunal se la devolvió arguyendo que había que adherirle

Igualmente, en <u>Villanueva v. Hernández Class</u>, 128 D.P.R. 618, (1991), frente a un error de la secretaría del tribunal, protegimos la facultad de un juez para reconsiderar una decisión aun cuando ésta se dictó fuera del término dispuesto en las reglas para hacerlo. En ese caso el juez sentenciador atendió la moción de reconsideración a los 86 días de su presentación, un día después que la secretaría del tribunal se la hiciera llegar. Por esa razón resolvimos que "[n]o conociendo el juez sentenciador la existencia de la moción de reconsideración ni los fundamentos de la misma, no se puede entender y resolver que la rechazó de plano en perjuicio de la parte que radicó en tiempo la referida moción". Id. Esa misma preocupación por conservar los derechos de las partes, cuando éstos puedan verse afectados por errores o consideraciones ministeriales,

está presente en nuestra decisión en <u>Rivera v. Municipio de Carolina</u>, *supra*. En ese caso, al resolver que lo importante en cuanto a la interrupción del término para solicitar revisión judicial al presentarse una moción de reconsideración era que la agencia hubiese actuado respecto a dicha moción dentro del plazo para hacerlo y no

---

$40.00 en sellos de rentas internas. La representación legal del peticionario se comunicó con la secretaría y los convenció de que se habían equivocado. De la secretaría le informaron que tenía que presentar de nuevo la misma moción con fecha de radicación anterior; y así sí lo hizo. No obstante, como ya había transcurrido gran parte del término jurisdiccional para apelar ante el Tribunal de Circuito de Apelaciones decidió presentar la apelación. Ese mismo día, el tribunal de instancia acogió su moción de reconsideración, pero la notificación le llegó varios días después, expirado ya el término para apelar. El Tribunal de Circuito de Apelaciones, luego de que instancia resolviera la cuestión de la reconsideración, dictaminó que la apelación era prematura y desestimó.

la fecha del archivo en autos y la notificación de su resolución, señalamos que resolver lo contrario otorgaría a las secretarías de las agencias el "poder real" de dejar sin efecto una acción administrativa a base de la fecha de notificación.[18] *Id.*

Como se colige, nuestros pronunciamientos en <u>Caro Ortiz v. Cardona Rivera</u>, *supra*, supeditando los efectos de una decisión judicial al momento en que ésta se notifica, son incompatibles con nuestra jurisprudencia sobre los efectos de las acciones tardías o erradas de las secretarías. En perspectiva, la norma de <u>Caro Ortiz v. Cardona Rivera</u>, *supra*, no es la mejor para preservar el derecho de las partes a apelar, sino que por el contrario tiende a limitarlo. Por esta razón, entiendo que debemos revocar la norma formulada en ese caso.

V.

De otra parte, la Regla 46 de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 46 (2001), establece que las

---

[18] En nuestra resolución en <u>Rivera v. Municipio de Carolina</u>, *supra*, distinguimos entre la situación procesal civil y la de derecho administrativo, en tanto en aquel entonces la solicitud de reconsideración era un requisito jurisdiccional para recurrir en alzada y habían ciertas diferencias en cuanto a los "eventos" a partir de los cuales decursaría el término jurisdiccional. Cabe señalar que posteriormente en <u>Misión Industrial v. Junta de Planificación</u>, 146 D.P.R. 64 (1998), adoptamos los criterios intimados en la sentencia y resolución emitida en <u>Rivera v. Municipio de Carolina</u>, *supra*, adquiriendo éstos entonces valor normativo, aun cuando, mediante enmienda a la Ley de Procedimiento Administrativo Uniforme se había derogado el carácter jurisdiccional de la moción de reconsideración. Los jueces disidentes(los jueces asociados señores Hernández Denton y Corrada del Río y la jueza asociada Naveira de Rodón en <u>Rivera v. Municipio de Carolina</u>, *supra*,)disintieron también en <u>Misión Industrial v. Junta de Planificación</u>, *supra*. Véase *supra* escolio 6.

sentencias no tendrán efecto hasta archivarse en autos copia de su notificación y que el término para apelar empezará a correr a partir de la fecha de dicho archivo.[19] Esta norma no significa que la decisión de un tribunal tenga que ser notificada dentro del término durante el cual éste conserve jurisdicción para actuar sobre el asunto, sino que por respeto al debido proceso de ley, la decisión no puede surtir efecto hasta que las partes sean notificadas de la misma. Por eso resolvimos que cuando la fecha de archivo en autos de copia de la notificación de un dictamen judicial sea distinta a la del depósito en el correo de dicha notificación, el término para recurrir se calculará a partir de la fecha del depósito en el correo.

Román, et. al. V. Kmart Corp., et. al., 151 D.P.R. 731 (2000). Esta norma fue incorporada luego a las Reglas de Procedimiento Civil por la Asamblea Legislativa.[20] Lo que busca esta norma es preservar el derecho de las partes de

---

[19] La Regla 46 de Procedimiento Civil establece que:

> Será deber del secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos y Procedimientos constituye el registro de la sentencia. La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará correr a partir de la fecha de dicho archivo. Si la fecha de archivo en autos de copia de la notificación de la sentencia, resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.
> 32 L.P.R.A. Ap. III R. 46 (2001).

[20] De hecho, esta norma para cuando el depósito en el correo es distinto a la fecha del archivo en autos de la notificación fue incorporada en el 2004 al texto la Regla 47 de Procedimiento Civil. Véase supra escolio 5.

ir en alzada y respetar el debido proceso de ley al cual éstas también tienen derecho.

La mayor parte de las veces, la fecha que se va a utilizar en estos casos como punto de partida para calcular el término para acudir al foro apelativo se encuentra fuera del periodo en el cual el tribunal conserva jurisdicción para atender el asunto; lo importante es que haya emitido su decisión mientras la tuvo, es decir, dentro del término para acudir en alzada. El evento de la notificación no es un acto judicial. Es un acto que corresponde a los secretarios de los tribunales, quienes lo deben hacer con prontitud para no infringir el derecho de las partes al debido proceso de ley.[21] Regla 24 de las reglas de Administración del Tribunal de Primera Instancia, 4 L.P.R.A. Ap. II-B R. 23 (2002). Por tanto, el evento de la notificación a las partes no puede limitar la facultad de decidir de los tribunales sino que suspende sus efectos hasta que las partes se enteren de la determinación judicial. Es por esta razón que la norma adoptada en Caro Ortiz v. Cardona

---

[21] Respecto a la naturaleza de este acto en la jurisdicción federal véase Jones v. Celotex Corp., 857 F.2d 273 (1988); Weedon v. Gaden, 419 F.2d 303 (1969); Pure Oil Co. v. Boyne, 370 F.2d 121 (1966); Burke v. C.I.R., 301 F.2d. 903 (1962).

Rivera, *supra*, resulta contraria al criterio expresado por este Tribunal y a la política pública formulada por la Asamblea Legislativa a lo largo de los años, de respetar el poder inherente de los tribunales de decidir y de considerar los asuntos debidamente sometidos a su poder jurisdiccional.

VI.

Por todo lo anterior, resolvería que para interrumpir el término jurisdiccional para recurrir en alzada no es necesario que la decisión del Tribunal de Primera Instancia acogiendo una moción de reconsideración se archive dentro de dicho término. Revocaría la norma formulada en sentido contrario en Caro Ortiz v. Cardona Rivera, *supra*, y concluiría que el recurso que nos ocupa fue presentado dentro del término jurisdiccional, ya que la decisión del tribunal de acogerla se dio dentro del término que tiene el foro de instancia para reconsiderar sus decisiones. Revocaría la decisión del Tribunal de Apelaciones y devolvería el caso a ese tribunal para que continúe con los procedimientos.

Liana Fiol Matta
Jueza Asociada